

| | **Karim G. Kaspar**<br>Senior Counsel | One Lowenstein Drive<br>Roseland, New Jersey 07068 |
|---|---|---|

**T**: (973) 597-2390
**F**: (973) 597-2391
**E**: kkaspar@lowenstein.com

December 22, 2022

**VIA ECF**

Honorable Michael A. Hammer, U.S.M.J.
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07102

**Re:    JD Global Sales, Inc. v. Jem D International Partners, LP, No. 2:21-19943**

Dear Judge Hammer:

This firm represents Plaintiffs JD Global Sales, Inc. and James D'Amato ("Plaintiffs").  We write to request that the Court, at its convenience schedule an initial conference with the parties, Plaintiffs and Defendants Jem D International Partners, LP ("Jem D International"), Jem D. International (Michigan) Inc. ("Jem D Michigan"), Jim DiMenna ("DiMenna"), Carlos Visconti ("Visconti," together with Jem D International, Jem D Michigan, and DiMenna, the "Red Sun Farms Defendants"), and Harold Paivarinta ("Paivarinta," together with the Red Sun Farms Defendants, "Defendants"), pursuant to Federal Rule of Civil Procedure 26.

By way of background, Plaintiff JD Global Sales, Inc., filed its initial Complaint on November 11, 2021.  ECF No. 1.  On August 3, 2022, the District Court, Judge Martinotti, largely denied Defendants' motions to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(6), dismissing only one count of the Complaint, a claim sounding under the New Jersey Conscientious Employee Protection Act ("CEPA").  ECF No. 34.  The Court's dismissal was without prejudice. *Id.*  On August 31, 2022, Plaintiffs filed an Amended Complaint, alleging the same claims that survived Defendants' motions and repleading the CEPA claim to cure the deficiency identified by the District Court—JD Global, Inc.'s, lack of statutory standing to prosecute the claim.  ECF No. 38.  Defendants have again moved to dismiss.  ECF Nos. 42, 43.  Defendants' motions are before Judge Martinotti and were returnable on December 19, 2022.  *Id.*  Defendants' motions, in the main part, repeat arguments already rejected by the District Court.  *Compare id.*, *with* ECF No. 38.  Only the CEPA claim, now substantively repleaded and advanced solely by D'Amato, needs to be substantively scrutinized by the District Court.

Because of this gatekeeping motion practice, more than a calendar year has passed since the commencement of the case without the parties having engaged in discovery in any form.  As a result, Plaintiffs respectfully ask this Court to hold, at its convenience, an initial conference pursuant to Rule 26.  Although Defendants' motions remain outstanding, they concern only a collateral issue in the case.

NEW YORK    PALO ALTO    NEW JERSEY    UTAH    WASHINGTON, D.C.    Lowenstein Sandler LLP

Honorable Michael A. Hammer, U.S.M.J.                December 22, 2022
                                                              Page 2

Plaintiffs thank the Court for its time and attention to this matter.

Respectfully submitted,

*s/ Karim G. Kaspar*
Karim G. Kaspar


34046/4
12/22/22 212840940.1


   cc:      The Honorable Brian R. Martinotti, U.S.D.J. (via ECF)
            Attorneys of Record (via ECF)