ALAN ROTH
WILLIAM L. GOLD*
SHERRI DAVIS FOWLER (NJ & VA BARS)
ANTHONY MAZZA*
K. RAJA BHATTACHARYA*
JOSEPH H. TRINGALI (NJ, NY, PA & FL BARS)*
KAY A. GONZALEZ (NJ & NY BARS)
_____

KARI A. TRINGALI
SHIV VYDYULA (NJ & NY BARS)
_____

NICHOLAS G. GALLINGER
SIQI LI

*CERTIFIED BY THE SUPREME COURT OF
 NEW JERSEY AS A CIVIL TRIAL ATTORNEY



**BENDIT WEINSTOCK** P.A.

— ATTORNEYS AT LAW —

Est. 1957

80 Main Street, Suite 260, West Orange, NJ 07052
Phone:  973-736-9800 | Fax:  973-325-3115
www.benditweinstock.com

OF COUNSEL
ROGER J. DESIDERIO
JAMES F. KEEGAN*
BARRETT F. KALB (NJ & NY BARS)
ALLYSON B. MONCHIK (NY BAR)
PETER I. BERGÉ
MICHAEL L. KAPLONSKI
_____

BENJAMIN L. BENDIT (1950-1984)
THOMAS E. WEINSTOCK (1956-2000)
HILTON P. GOLDMAN (1956-2008)

February 6, 2026

**<u>Via E-Filing</u>**
Hon. Michael A. Hammer, U.S.M.J.
United States District Court, District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street, Court Room 2C
Newark, New Jersey 07102

> Re: JD Global Sales, Inc. et al.
> v. Jem D International Partners, LP, et al.
> Case No. 2:21-cv-19943
> Our File No. 45711

Dear Magistrate Hammer,

We represent defendants Jem D International (Michigan), Inc. ("Jem D"), Jem D International Partners, LP ("JDIP"), and the individual defendants James DiMenna and Carlos Visconti, in the above-captioned litigation commenced by plaintiff, JD Global Sales, Inc. ("Plaintiff" or "JD Global").  We submit this letter in view of the filing of a Notice of Appearance <u>Pro Se</u> and Substitution of Counsel, by James D'Amato, on January 30, 2026, to request that discovery be brought to an end, and that the Court issue an Order, pursuant to FRCP 11(c)(3) directing Mr. D'Amato to show cause why the Notice of Appearance should not be withdrawn, and sanctions should not be imposed for the frivolous filing.

Although we do not object to the supposed "withdrawal" of Dominic Caruso, Esq., as counsel for plaintiff, JD Global, as noted in Mr. D'Amato's Notice, we object to Mr. D'Amato's failure to comply with applicable Court rules, and also request that the Court require plaintiff,

Hon. Michael A. Hammer, U.S.M.J.
February 6, 2026
Page 2

which is a corporate entity, to retain counsel promptly, or face dismissal of the Amended Complaint in its entirety. We respectfully submit the following for the Court's consideration.

**James D'Amato is Not a Party to the Case**

Although Mr. D'Amato has purported to file an application to represent himself in this litigation, he is no longer a party to the case. By operation of the July 17, 2023 Order of the Hon. Brian R. Martinotti, U.S.D.J. (ECF No. 70), supported by a written Opinion of even date (ECF No. 69), all claims asserted in the action by Mr. D'Amato individually, which were contained in Count IV of the Amended Complaint, were dismissed. While Mr. D'Amato notes in his Notice that he remains listed as a "named individual plaintiff" in the caption of the Amended Complaint, filed August 31, 2022 (ECF No. 38), he is aware, or should be aware that he no longer is a plaintiff in the action by virtue of the Court's July 17, 2023 decision, and thus cannot directly participate in the proceedings as a pro se litigant. The Amended Complaint was the pleading considered and ruled upon by the Court in its July 17, 2023 Order and Opinion.

By way of background, the initial Complaint in this matter, filed by JD Global on November 11, 2021 (ECF No. 1), made claims on behalf of JD Global, of which Mr. D'Amato is the principal. All of the claims in this case arise from an independent contractor relationship between plaintiff JD Global and Jem D, which was governed by contract. Included in the initial Complaint were claims made under the Conscientious Employee Protection Act ("CEPA"). Initial motion practice resulted in dismissal of the CEPA claims, because the claims were impermissibly asserted on behalf of a corporate entity, which lacked standing (ECF Nos. 34, 35). Plaintiff's then-counsel (Lowenstein Sandler) amended the pleading to add Mr. D'Amato as a party, purportedly to cure the deficiency by re-asserting the CEPA claims on behalf of him, individually. In its July 17, 2023 Opinion and Order, the Court again dismissed the CEPA claims, which this time had

Hon. Michael A. Hammer, U.S.M.J.
February 6, 2026
Page 3

been asserted on behalf of Mr. D'Amato, individually, because he was not an employee or independent contractor of any of the defendants, and thus could not assert statutory CEPA claims. Less than a month after the Court issued its July 17, 2023 decision, and following a May 22, 2023 mediation conducted by the Hon. Frank M. Ciuffani, J.S.C. (Ret.), which was unsuccessful, plaintiff's then-counsel, Lowenstein Sandler, withdrew from representation of plaintiff, and Mr. Dominic Caruso, Esq. was substituted as plaintiff's counsel on August 9, 2023.  (ECF No. 72) Prior to the Lowenstein firm's abrupt withdrawal, the Amended Complaint was not further amended to reflect the Court's July 17, 2023 decision, nor was Mr. D'Amato's name deleted from the caption, although he, individually, no longer had extant claims in the case.

Again, all of the claims in this case arise from an independent contractor relationship between JD Global and Jem D.  JD Global asserted claims for breach of contract, breach of the covenant of good faith and fair dealing, promissory estoppel and unjust enrichment, as well as claims under the New Jersey Sales Representatives' Rights Act.  It also asserted the CEPA claims, which were dismissed, and made a claim for alleged misappropriation of business information and alleged proprietary documents of JD Global, including an alleged proprietary spreadsheet. Excluding the dismissed Count IV CEPA claims, seven Counts of the pleading remain (Counts I – III and V – VIII), all of which constitute claims of JD Global.

The Amended Complaint which is of record still contains the CEPA claims in Count IV, although those claims were dismissed in their entirety.  Likewise, Mr. D'Amato, who purportedly maintained those claims and had been added to the pleading specifically in an effort to revive the CEPA claims, is no longer a party to the case by operation of the Court's July 17, 2023 Order and Opinion.  The only request for relief made on behalf of Mr. D'Amato in the Amended Complaint related to damages sought for the alleged violation of CEPA, and the only requests for relief in the

Hon. Michael A. Hammer, U.S.M.J.
February 6, 2026
Page 4

pleading which remain are damages sought on behalf of JD Global arising from the seven (7) extant counts of the pleading.

**Written Discovery is Complete**

Consistent with ESI protocols established at the beginning of the case, and the Court's September 12, 2024 Order which became the Order that governed remaining written discovery in this case ("Discovery Order"), defendants have produced in excess of 2.5 million pages of documents in response to plaintiff's discovery requests, which primarily have been aimed at obtaining premature "damages" discovery, when no evidence to support plaintiff's substantive claims has been forthcoming. On July 29, 2025, all counsel attended a Meet & Confer conference with Your Honor to discuss the completion of discovery.  As of that date, the only remaining written discovery issues pertained to subpoenas that plaintiff sought to issue along with objections to same, and the production of privileged documents.[1]  Plaintiff also had certain technical questions for TransPerfect regarding the productions made in compliance with the Discovery Order, and our office agreed to permit plaintiff's counsel to depose TransPerfect to close the inquiry.

---

[1] Most recently, the Court may recall that plaintiff's counsel issued duplicative subpoenas, clearly at the urging of Mr. D'Amato, undermining and in direct contravention of an agreed-upon procedure between counsel for seeking discovery from non-parties which are customers of JDIP. The Court directed the parties to submit position papers regarding the dispute, but has yet to rule upon it, having postponed a hearing scheduled for mid-December, 2025.

A further attempted misuse and abuse of the discovery process by Mr. D'Amato was revealed in June 6, 2025 correspondence, confirmed by plaintiff's counsel, which reflected that Mr. D'Amato has ideas about attempting to manufacture causes of action against non-parties, seeking, through this litigation, to subpoena from JDIP's customers documents to manufacture another lawsuit.

Moreover, the claims made in this litigation, as detailed in our September 4, 2025 submission to the Court addressing the subpoena issue, defendants contend, are entirely without merit.  In short, they were prompted by the termination of the contractual relationship between JD Global and Jem D, and rest upon the allegation that defendants made a verbal promise to engage Mr. D'Amato's company for the entirety of his lifetime, which is directly contradicted by a plethora of documentary evidence.

Hon. Michael A. Hammer, U.S.M.J.
February 6, 2026
Page 5

Pursuant to the agreement reached with Your Honor's assistance and the July 29, 2025 Text Order, counsel agreed to a "narrowed timeframe" pertaining to defendants' production of privileged documents, and the Court entered a F.R.E. 502(d) Order related to the production of privileged documents on September 4, 2025. As Your Honor may recall, plaintiff's counsel stated that the timeframe would relate to a narrow range of approximately 3-4 months. Instead, we were asked to produce privileged documents for a period of sixteen (16) months spanning the period February 1, 2015 to June 2, 2016. Notwithstanding this expanded timeframe, our office provided the additional documents to plaintiff to close this out.

The defendants fully complied with the terms of the September 4, 2025 F.R.E. 502(d) Order and the July 29, 2025 Text Order by making "a production pursuant to the Rule 502(d) stipulation applying the narrowed timeframe on which the parties have agreed" on September 30, 2025. Counsel for defendants provided additional clarification to plaintiff's former counsel through correspondence on October 30, 2025, November 6, 2025, November 24, 2025, and January 12, 2026 regarding productions of privileged documents made pursuant to the F.R.E. 502(d) Order. Thus, written discovery is complete.

**TransPerfect Deposition Completion**

On September 8, 2025, plaintiff's former counsel served a Notice of Deposition Pursuant to Rule 30(b)(6) to depose TransPerfect. On September 24, 2025, plaintiff's former counsel deposed a TransPerfect representative "concerning the ESI production pursuant to the September 12, 2024 Order," as required by the July 29, 2025 Text Order. Thereafter, plaintiff's former counsel sent a letter dated October 24, 2025 enclosing a request for certified responses to certain outstanding questions from the September 24, 2025 deposition of the TransPerfect representative. On November 17, 2025, we served plaintiff's former counsel with the declaration of TransPerfect's

Hon. Michael A. Hammer, U.S.M.J.
February 6, 2026
Page 6

representative in response to the post-deposition follow up letter dated October 24, 2025.  Thus, defendants have fully complied with this requirement of the July 29, 2025 Text Order.

**Party Deposition**

Furthermore, on January 7, 2026, counsel confirmed availability for Mr. D'Amato's deposition as plaintiff's representative on January 20, 2026. However, six days before the deposition date and with a court reporter scheduled, plaintiff's former counsel cancelled the deposition on January 14, 2026 due to Mr. D'Amato recovering from a hip replacement surgery. In his January 14, 2026 cancellation email, plaintiff's former counsel also incorrectly stated that he had not received a passcode to access defendants' additional responses to certain of plaintiff's questions pertaining to productions of privileged documents made under the F.R.E 502(d) Order. However, we did again provide the passcode to plaintiff's former counsel and confirmed same, along with a request for a new deposition date. No new deposition was provided before the recent submission to the Court.[2]

As of the date hereof, no deposition date has yet to be confirmed. Moreover, the recent Notice of Appearance <u>Pro</u> <u>Se</u> and Substitution of Counsel, filed January 30, 2026, by Mr. D'Amato serves to potentially delay Mr. D'Amato's deposition and prolong this matter without an end date. We therefore respectfully request the Court set a firm completion date for Mr. D'Amato's deposition as the representative for plaintiff to bring discovery in this matter to a close.

**Defendants Respectfully Request Permission and Dates to File a Dispositive Motion**

Defendants are prepared to file a dispositive motion against plaintiff. During the July 29, 2025 Meet & Confer conference with Your Honor, and as provided in the July 29, 2025 Text

---

[2] By way of background, a deposition was previously scheduled for January 13, 2026, and same was adjourned to January 20, 2026 by our office due to a conflict with a Court appearance in another matter.  Plaintiff's counsel confirmed the January 20, 2026 date on January 7, 2026.

Hon. Michael A. Hammer, U.S.M.J.
February 6, 2026
Page 7

Order, the Court stated it "will notify the parties of the next conference by separate order. That conference will proceed in person, and will be for the purpose of addressing any remaining discovery items, and scheduling summary judgment motion practice."

As stated above, written discovery is complete, including the production of over 2.5 million documents, as well as the deposition of TransPerfect's representative with a subsequent declaration and clarifying correspondence transmitted thereafter to address plaintiff's questions, and not a scintilla of support exists for Mr. D'Amato's wholly speculative claim for damages. The only remaining discovery item before summary judgment can be filed is the deposition of Mr. D'Amato as the representative of plaintiff.  We therefore respectfully request the Court schedule summary judgment motion practice, as referenced in the July 29, 2025 Text Order, within thirty (30) days, (or another timeframe that is acceptable to the Court), after Mr. D'Amato appears for the deposition on behalf of plaintiff.

**Defendants Respectfully Request Relief Due to Mr. D'Amato's Frivolous Filing**

Because the filing of the Notice of Appearance is frivolous on its face, we ask that if Mr. D'Amato does not voluntarily withdraw the Notice, that the Court, pursuant to FRCP 11(c)(3) issue an order directing Mr. D'Amato to show cause why the Notice of Appearance should not be withdrawn, and sanctions should not be imposed for the frivolous filing.

In our view, Mr. D'Amato's filing of the Notice and improper announcement of his intention to represent himself individually in the lawsuit, when he does not have the right to do so, is not only frivolous, but is just another in a series of actions which has unnecessarily prolonged and continued to undermine these proceedings, causing undue expense and a waste of judicial resources.

Following the deposition of Mr. D'Amato, which we respectfully request be Court-ordered,

Hon. Michael A. Hammer, U.S.M.J.
February 6, 2026
Page 8

given the recent delay, as noted, we intend to seek summary judgment on the remaining claims set

forth in the Amended Complaint.  Continuing to pursue these claims, we believe, is frivolous.

We thank Your Honor for Your attention to this matter.

Respectfully submitted,

*/s/ Joseph H. Tringali*

JOSEPH H. TRINGALI

JHT/
cc:     Via e-Filing
        JD Global Sales Inc., via email: jim@jdglobalsales.com