ALAN ROTH
WILLIAM L. GOLD*
SHERRI DAVIS FOWLER (NJ & VA BARS)
ANTHONY MAZZA*
K. RAJA BHATTACHARYA*
JOSEPH H. TRINGALI (NJ, NY, PA & FL BARS)*
KAY A. GONZALEZ (NJ & NY BARS)
───────────────

KARI A. TRINGALI
SHIV VYDYULA (NJ & NY BARS)
─────────────

NICHOLAS G. GALLINGER
SIQI LI

*CERTIFIED BY THE SUPREME COURT OF
 NEW JERSEY AS A CIVIL TRIAL ATTORNEY



**BENDIT WEINSTOCK** P.A.

— ATTORNEYS AT LAW —

Est. 1957

80 Main Street, Suite 260, West Orange, NJ 07052
Phone:  973-736-9800 | Fax:  973-325-3115
www.benditweinstock.com

**OF COUNSEL**
ROGER J. DESIDERIO
JAMES F. KEEGAN*
BARRETT F. KALB (NJ & NY BARS)
ALLYSON B. MONCHIK (NY BAR)
PETER I. BERGÉ
MICHAEL L. KAPLONSKI
─────────────

BENJAMIN L. BENDIT (1950-1984)
THOMAS E. WEINSTOCK (1956-2000)
HILTON P. GOLDMAN (1956-2008)

March 3, 2026

**<u>Via E-Filing</u>**
Hon. Michael A. Hammer, U.S.M.J.
United States District Court, District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street, Court Room 2C
Newark, New Jersey 07102

>       Re: JD Global Sales, Inc. et al.
>       v. Jem D International Partners, LP, et al.
>       Case No. 2:21-cv-19943
>       Our File No. 45711

Dear Magistrate Hammer,

We represent defendants Jem D International (Michigan), Inc. ("Jem D"), Jem D International Partners, LP ("JDIP"), and the individual defendants James DiMenna and Carlos Visconti, in the above-captioned litigation commenced by plaintiff, JD Global Sales, Inc. ("Plaintiff" or "JD Global").  We are in receipt of a motion filed on February 25, 2026 by Dominic V. Caruso, Esq., requesting leave to withdraw as counsel for plaintiffs [sic] in this matter.  The motion was filed following the Court's issuance of a February 24, 2026 Text Order, noting that no appropriate motion to withdraw as counsel had been made.

We also write in response to a February 24, 2026 letter to the Court, authored by James D'Amato, which among other things, informally asks the Court for various relief, including

Hon. Michael A. Hammer, U.S.M.J.
March 3, 2026
Page 2

entertaining various motions, as well as a February 20, 2026 letter to the Court, authored by James

D'Amato, which was uploaded to the docket on March 2, 2026.

I.    **Motion to Withdraw as Counsel for Plaintiffs**

Although we do not object to Mr. Caruso's withdrawal as counsel on a substantive basis,

we note, as addressed in our February 6, 2026 correspondence to the Court (ECF No. 145), that

James D'Amato, individually, is no longer a plaintiff in this action, by operation of the July 17,

2023 Order and Opinion of the Hon. Brian R. Martinotti, U.S.D.J. (ECF Nos. 69, 70).  Mr. Caruso's

motion, however, inaccurately refers to his representation of "plaintiffs" – both Mr. D'Amato and

JD Global – in this case.  While we are not privy to the terms of Mr. Caruso's retention by Mr.

D'Amato and his company, what is clear is that Mr. Caruso could only have undertaken any

representation of Mr. D'Amato individually, as a witness and former plaintiff in the case.

Mr. D'Amato, as we explained in our February 6, 2026 correspondence, has no remaining

claims or requests for relief in this action, as a result of Judge Martinotti's ruling, and dismissal of

Count IV of the Amended Complaint.  Thus, he cannot directly participate in the proceedings as a

pro se litigant, though he purported to give notice of his intention to do so in the Notice of

Appearance Pro Se and Substitution of Counsel which he filed on January 30, 2026.  (ECF No.

144)[1]  Mr. D'Amato concedes in the February 24, 2026 letter he filed with the Court that he,

individually, has no remaining claims in the action. This dispositive fact remains true irrespective

of whether his name was included thereafter in the caption of the case in a subsequent filing.

---

[1] Although Mr. D'Amato is no longer a plaintiff in the action, his name remains in the caption of the Amended Complaint because the pleading was not further amended, as then-counsel for JD Global abruptly withdrew from representation of the company.

Hon. Michael A. Hammer, U.S.M.J.
March 3, 2026
Page 3

In his letter to the Court dated February 20, 2026, which was uploaded to the docket on March 2, 2026, Mr. D'Amato again confirms that there are no individual claims in this case and further states that "Two successive law firms – Lowenstein Sandler LLP (2017-2023) and Dominic Caruso, Esq. (2023-2026) - both terminated by Mr. D'Amato for cause – pled every claim exclusively under the corporate entity JD Global Sales, Inc." See Document 152, at page 4.  Mr. D'Amato then goes on to cast blame on his two prior counsel for their alleged failure to "recognize that the claims in this case are inherently individual. . . ." Id.

While we do not object to the withdrawal of Mr. Caruso as counsel, we respectfully request that the Order permitting withdrawal also (1) require that JD Global, the corporate entity, retain counsel within the 21 day agreed-upon "stay period" referenced in Mr. Caruso's motion, or be subject to having the Amended Complaint dismissed; and (2) pursuant to FRCP 11(c)(3), require that Mr. D'Amato within ten (10) days either withdraw the Notice of Appearance Pro Se and Substitution of Counsel which he filed on January 30, 2026, or show cause why the Notice of Appearance should not be withdrawn, and sanctions should not be imposed for the most recent frivolous filings, given that he is no longer a party plaintiff in this action.

**II.     James D'Amato's February 24, 2026 Letter Requesting Various Relief**

As explained above and as noted in our prior submissions to the Court, Mr. D'Amato is no longer a party to these proceedings and thus cannot directly participate in the case as a pro se litigant.  Mr. D'Amato ignored his status again by making the February 24, 2026 filing. Nevertheless, Mr. D'Amato's submission addresses myriad motions he intends to file, purportedly as a pro se plaintiff.  Mr. D'Amato states that he wants to file an amended pleading to assert claims "that should have been pled from the outset by competent counsel.  The evidence supporting each claim has been in the record – or in counsel's possession – since 2021." See Document 152, at

Hon. Michael A. Hammer, U.S.M.J.
March 3, 2026
Page 4

page 5.  Mr. D'Amato asks that he be permitted to "amend" the existing pleading, so that he then will have "individual" claims in the case.  Leaving aside that a non-party may seek to intervene in an action, within the narrow constraints of FRCP 24, and that one cannot seek to "amend" any pleading in an action in which they are no longer a litigant, we note the following:

1. Any proposed motion is time barred.  The Court's Order entered February 2, 2023 states that "Any motion to add new parties or amend pleadings, whether by amended or third party complaint, must be filed not later than August 31, 2023."  We are 2.5 years beyond that deadline, and Mr. D'Amato has already admitted that his purported claims were known to Mr. D'Amato and his counsel in 2021;

2. Defendants have spent significant amounts of time and money in litigating this matter, and permitting any new pleadings would be prejudicial to Defendants; and

3. The specific causes of action referenced by Mr. D'Amato are time barred.

Based on the foregoing, we respectfully request that the Court determine that no amended or new pleadings will be considered by the Court.

### III.    James D'Amato's Letter Entered on March 2, 2025

Without dignifying the allegations directed to JD Global's prior attorneys and the uninformed and inaccurate statements made by Mr. D'Amato regarding the procedural history of this case and my firm's staffing decisions and internal document metadata, we provide a limited substantive response to Mr. D'Amato's February 20, 2026 letter, which was uploaded to the docket on March 2, 2026.

A. <u>The Defendants Complied with the September 12, 2024 Discovery Order.</u>

Prior to September 2024, Plaintiff's outgoing counsel and our office exchanged numerous emails and letters regarding open discovery disputes.  After months of exchanging

Hon. Michael A. Hammer, U.S.M.J.
March 3, 2026
Page 5

communications, the parties met and conferred in Your Honor's chambers to discuss discovery disputes to create the road map and timing for completion of discovery. Your Honor may recall assisting counsel in reaching certain written discovery agreements.

After the September 2024 meet and confer conference, the Court entered the September 12, 2024 Discovery Order which identified the ESI protocol for search terms at Exhibit A and listed relevant third parties and custodians in the text of the Order. The Defendants utilized the services of TransPerfect, have fully complied with the September 12, 2024 Discovery Order and written discovery has been substantially completed for almost a year.

B.  The Defendants Complied with the July 29, 2025 Text Order.

During the last meet and confer conference with Your Honor, and in the subsequent Text Order entered that same day, on July 29, 2025, Your Honor may recall meeting with the parties to discuss an open discovery issue regarding subpoenas that Plaintiff wanted to issue, questions that Plaintiff had for TransPerfect regarding compliance with the September 12, 2024 Discovery Order, a process for entry into a FRE 502(d) Stipulation regarding production and review of privileged documents and Defendants' request for a summary judgment briefing schedule.

Thereafter, the parties submitted joint letters on September 4, 2025 to address the subpoenas, Plaintiff deposed a TransPerfect representative on September 24, 2025 with a follow-up declaration from the TransPerfect representative provided to Plaintiff on November 17, 2025, and the parties entered into an FRE 502(d) Consent Order on September 4, 2025.

Moreover, Defendants fully complied with the terms of the FRE 502(d) Consent Order by producing documents that are subject to various Privilege Logs transmitted by Defendants to Plaintiff after entry of the September 12, 2024 Discovery Order. These documents went beyond the 3-4 month limited time frame referred to by Mr. Caruso during the July 29, 2025 meet and

Hon. Michael A. Hammer, U.S.M.J.
March 3, 2026
Page 6

confer conference with Your Honor.  The timeframe for purposes of the FRE 502(d) Consent Order was defined as the period between February 1, 2015 and June 2, 2016.  Defendants expanded the production timeframe without the need for further involvement by the Court.

The July 29, 2025 Text Order also provided that a subsequent conference was to be scheduled for the purpose of addressing any remaining discovery items including the subpoenas that Plaintiff attempted to issue and scheduling summary judgment motion practice.  At present, Defendants' only remaining discovery item prior to dispositive motion practice is the deposition of JD Global Inc.'s representative, James D'Amato.  Mr. D'Amato is not a party to the action, but he is a witness.

Based on the foregoing, we respectfully request that JD Global be required to obtain counsel by a date certain, or face dismissal of its action, with prejudice, if same does not occur.  If counsel does appear in this case, we ask for a date certain for completion of Mr. D'Amato's deposition and a briefing schedule so that our motion for summary judgment can be filed.

We thank the Court for its attention to this matter.  We look forward to addressing the above in more detail during the Case Management Conference that is scheduled for March 27, 2026.

Respectfully submitted,

*/s/ Joseph H. Tringali*

JOSEPH H. TRINGALI

JHT/
cc:    <u>Via</u> e-Filing
       JD Global Sales Inc., <u>via</u> email: jim@jdglobalsales.com