**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEW JERSEY**

JD GLOBAL SALES, INC. and

JAMES D'AMATO, individually,

*Plaintiffs,*

v.

JEM D INTERNATIONAL PARTNERS, LP

d/b/a RED SUN FARMS, et al.,

*Defendants.*

Civil Action No. 2:21-cv-19943 (BRM) (MAH)

**CERTIFICATION OF JAMES D'AMATO IN SUPPORT OF SUBMISSION OF PLAINTIFF'S CONTEMPORANEOUS EVIDENCE (FOLDERS 1–4)**

I, James D'Amato, of full age, hereby certify as follows:

1. I am the named individual Plaintiff in this action and the sole owner and operator of JD Global Sales, Inc. I am proceeding pro se. I make this certification based on personal knowledge.

**The Folders**

2. The attached Folders 1 through 4 comprise 517 pages of contemporaneous evidence that I personally prepared between 2021 and the commencement of this action. These materials document in real time the factual basis for the claims asserted in the proposed Second Amended Complaint.

3. Folder 1 (approximately 46 pages) contains documentation of my protected activities (whistleblower complaints), including reports of hostile work environment conduct by Defendant Paivarinta, the Microsoft Teams recording policy of May 5, 2021, and three separate whistleblower reports to RSF ownership regarding sales call misconduct, PTI pack date fraud, and the Aldi duty reimbursement demand.

4. Folder 2 (approximately 139 pages) contains email documentation of service level failures from December 2020 through July 2021, demonstrating RSF's systematic failure to respond to my requests for help, supply chain sabotage, and the hostile environment that preceded my termination. Each exhibit is a contemporaneous email exchange with Defendants' principals.

5. Folder 3 (approximately 184 pages) contains my revenue projections, commission calculations, and industry benchmarking analyses establishing the lifetime value of the oral agreements and the scope of damages sustained.

6. Folder 4 (approximately 148 pages) contains a comprehensive timeline of key events, the complete verbal agreement history from February 28, 2015 through termination, supporting exhibits including text messages, the termination letter, and my immediate demand for return of copyrighted files.

**Chain of Custody**

7. During Mr. Caruso's first period of representation (approximately April through October 2021), I hand-delivered two complete physical copies of Folders 1 through 4 to my then-attorney Dominic Caruso, Esq.—before this litigation was commenced. One set was for Mr. Caruso's files; the second was for Mr. Caruso to forward to opposing counsel. Mr. Caruso sent the second set to Joseph H. Tringali, Esq. via FedEx (tracking no. 774623491130). FedEx delivery records confirm the package was delivered on August 25, 2021 at 1:37 PM to Bendit

Weinstock's offices at 80 Main Street, Suite 260, West Orange, New Jersey, and signed for by "J.TINGALE."

8. When Mr. Caruso was suspended from practice in approximately October 2021, I hand-delivered the physical binders and electronic copies of Folders 1 through 4 from Mr. Caruso's files to Lowenstein Sandler LLP, who resumed representation of the case. Lowenstein subsequently lost the physical binders. When attorney Karim Kaspar was asked about them, he could not recall what the binders contained, asking me to "refresh my recollection." Lowenstein's records department searched and could not locate them. On August 14, 2023, Mr. Kaspar admitted: "We can't locate the 4 binders" and directed staff to reprint new copies from the electronic PDFs I had provided. When Mr. Caruso returned to the case in August 2023, he picked up the reprinted binders and complete case file at Lowenstein Sandler's office.

9. Despite possession by three successive attorneys and opposing counsel, no attorney ever Bates-stamped, produced, filed, or referenced these 517 pages in any pleading, motion, or court submission. Upon Mr. Caruso's termination in January 2026, the Lowenstein-reprinted physical binders were returned to me as part of the case file—confirming the complete physical chain of custody: from my hands to Caruso (first stint), to Lowenstein, back to Caruso (second stint), and back to me, untouched.

10. The copies submitted herewith are true and correct copies of the materials I prepared and delivered as described above. No material alterations have been made.

**Forensic Verification from Successor Counsel's Own Files**

11. On February 20, 2026, I received the complete case file from Mr. Caruso's office pursuant to his obligations under RPC 1.16(d), as documented in his February 18, 2026 return letter. The case file included, among other items, a USB thumb drive containing over 46,000 digital files—which was physically taped to the front of the return letter—the original hard drive

containing Production 1 from TransPerfect, and the Lowenstein-reprinted physical binders of Folders 1 through 4. I forensically imaged the USB drive, which contains electronic copies of all four Folders at the path: RedSunFarms/Discovery Docs/RSF/Folders/. The files are named Folder 1JDGS.pdf, Folder 2JDGS.pdf, Folder 3JDGS.pdf, and Folder 4JDGS.pdf.

11A. A true and correct copy of Mr. Caruso's February 18, 2026 return letter—together with the accompanying invoice and disbursements record totaling $17,128.82—is attached hereto as Exhibit A. That letter confirms, in Mr. Caruso's own words, that he received "Folders 1, 2, 3 & 4 which you provided at the commencement of this engagement." The letter also documents $12,136.25 paid to Digital WarRoom for e-discovery database hosting, $1,000 paid to Epiq eDiscovery Solutions, and $2,855 paid to Vertext LLC for deposition transcripts—services Mr. Caruso engaged at Plaintiff's expense but whose work product he never meaningfully utilized in any filing or court submission.

12. Forensic metadata extraction (using macOS Spotlight metadata, file system timestamps, and ExifTool) confirms the following for all four files: (a) the original PDF creation dates are August 9, 2021, all scanned within a twenty-minute window (10:00 AM to 10:20 AM) on a Canon iPR C810 printer; (b) the file system modification dates are July 24, 2023—the date they were copied to Mr. Caruso's USB drive; and (c) the macOS Spotlight "use count" (kMDItemUseCount) is NULL for all four files, meaning they were never opened by any application on Mr. Caruso's system.

13. The copies of Folders 1 through 4 filed herewith are the files from Mr. Caruso's USB drive. Their SHA-256 cryptographic hash values are identical to Plaintiff's independently retained copies, confirming that no alteration has occurred and that Mr. Caruso possessed byte-for-byte identical electronic copies of all 517 pages across both periods of his representation—yet never reviewed, filed, or referenced them in any pleading or court submission. Mr. Caruso

was paid $50,000 to review these materials. The forensic evidence from his own files proves he did not. The hash values are as follows:

```
Folder 1JDGS.pdf  SHA-256:
2d1568744ed9e4d76be9832b32f2e38ffa49cdf15a09eba2598dcdddfb4345e0
Folder 2JDGS.pdf  SHA-256:
883eea7ca20ad9becf797e65bb9f46f1cf6df1039d7fd99ef7e011c04dafcec2
Folder 3JDGS.pdf  SHA-256:
438ca06dcd4bb0f4bb63b7d48746621cd4672874ae98da472efda764d3263bad
Folder 4JDGS.pdf  SHA-256:
149869e55eecc98a6c6f7e8df9fbfdcf49e59785172d33d77f4ed8c925fd24a1
```

**Significance**

14. These folders constitute the contemporaneous documentary record of the events giving rise to this action. They were created in real time, not for litigation purposes, and they predate the filing of the original complaint. Their existence—and the failure of any prior attorney to introduce them—is itself evidence of the deficient representation that necessitates the pending Motion to Amend.

15. The evidence contained in these folders supports every claim in the proposed Second Amended Complaint, including breach of oral agreement, CEPA retaliation, trade secret misappropriation, copyright infringement, Sherman Act violations, and tortious interference.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

James D'Amato, Pro Se

233 Rock Road #101

Glen Rock, New Jersey 07452

Tel: (201) 280-1109

jim@jdglobalsales.com

**Dated:** Feb 26, 2026