ALAN ROTH
WILLIAM L. GOLD*
SHERRI DAVIS FOWLER (NJ & VA BARS)
ANTHONY MAZZA*
K. RAJA BHATTACHARYA*
JOSEPH H. TRINGALI* (NJ, NY, PA & FL BARS)
KAY A. GONZALEZ (NJ & NY BARS)

KARI A. TRINGALI
SHIV VYDYULA (NJ & NY BARS)

NICHOLAS G. GALLINGER (NJ & NY BARS)
SIQI LI (NJ & NY BARS)

*CERTIFIED BY THE SUPREME COURT OF
 NEW JERSEY AS A CIVIL TRIAL ATTORNEY



**BENDIT WEINSTOCK** P.A.
— ATTORNEYS AT LAW —
Est. 1957

80 Main Street, Suite 260, West Orange, NJ 07052
Phone: 973-736-9800 | Fax: 973-325-3115
www.benditweinstock.com

**OF COUNSEL**
ROGER J. DESIDERIO
JAMES F. KEEGAN*
ALLYSON B. MONCHIK (NY BAR)
PETER I. BERGÉ
MICHAEL L. KAPLONSKI

BENJAMIN L. BENDIT (1950-1984)
THOMAS E. WEINSTOCK (1956-2000)
HILTON P. GOLDMAN (1956-2008)
BARRETT F. KALB (1992-2025)

March 30, 2026

**Via E-Filing**
Hon. Brian R. Martinotti, U.S.D.J.
Hon. Michael A. Hammer, U.S.M.J.
United States District Court, District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street, Court Room 2C
Newark, New Jersey 07102

> Re: JD Global Sales, Inc. et al. v. Jem D International Partners, LP, et al.
> Case No. 2:21-cv-19943
> Our File No. 45711

Dear Judge Martinotti and Magistrate Hammer:

We represent defendants Jem D International (Michigan), Inc., Jem D International Partners, LP, and the individual defendants James DiMenna and Carlos Visconti (collectively "Defendants"), in the above-captioned litigation commenced by plaintiff, JD Global Sales, Inc. ("Plaintiff" or "JD Global").

**Background and Recent Procedural History**

On March 4, 2026, the Court confirmed that James D'Amato ("D'Amato") is not permitted to appear in this case as a pro se litigant because his individual CEPA claims were dismissed from the case by way of District Judge Brian R. Martinotti's July 17, 2023, Opinion and Order. See Document Numbers 69-70. The Court entered the March 4, 2026 Order after the "Court having reviewed the procedural history of this matter, Plaintiffs' Amended Complaint, D.E. 38, and

District Judge Brian R. Martinotti's July 17, 2023 Opinion and Order, dismissing D'Amato's CEPA claim, D.Es. 69-70; and the Court finding that it is clear that D'Amato is no longer a party to this action." The Court provided a lengthy analysis of D'Amato's non-party status in the March 4, 2026 Order at Footnote 2. See Document Number 155.

On March 24, 2026, the Court entered an Order sealing certain docket entries that contained Defendants' confidential business information which were included in an inappropriate, scattered and voluminous submission made by D'Amato. See Document Number 159. Pursuant to the same Order, the Court held that "James D'Amato shall be precluded from making any further filings on the docket due to his non-party status."

Notwithstanding the prospective preclusion of further filings by D'Amato, we are in receipt of a submission made by D'Amato stamped March 18, 2026, Document Number 160, entitled "Plaintiff's Objections to Magistrate Judge Hammer's March 4, 2026 Order (DE155) Pursuant to 28 U.S.C § 636(b)(1) and Fed. R. Civ. P 72(b)." We do not believe the filing is appropriate for consideration by the Court. However, out of an abundance of caution, we respectfully submit a short opposition to the March 18, 2026 submission since same was received by the Court prior to entry of the Court's March 24, 2026 Order which precludes further non-party filings by D'Amato.

For reasons set forth herein, we submit that D'Amato's criticism of the Court by way of reference to 28 U.S.C § 636(b)(1) and Fed. R. Civ. P. 72(b) is baseless and unsupportable. We will briefly address the remaining "objections" raised by D'Amato but ignore the scorched earth criticisms of every single attorney who has represented JD Global Sales, Inc. beginning in 2018, as well as other ancillary allegations included in the March 18, 2026 submission.

March 30, 2026
Page 3

We respectfully submit that the Court's March 4, 2026 Order was appropriately entered, and should remain undisturbed for reasons set forth herein. All relief sought by D'Amato should be denied in its entirety.[1]

## A. D'Amato's Criticism of the Court Pursuant to 28 U.S.C §636(b)(1) and Fed. R. Civ. P 72(b) is Baseless and Unsupportable.

D'Amato, individually, is no longer a plaintiff in this action, by operation of the July 17, 2023 Order and Opinion of the Hon. Brian R. Martinotti, U.S.D.J. (Document Numbers. 69 and 70). The Court reviewed D'Amato's status, along with Judge Martinotti's Motion to Dismiss Opinion and Order in confirming same. See March 4, 2026 Order, Footnote 2, Document Number 155. D'Amato has no remaining claims or requests for relief in this action, as a result of Judge Martinotti's ruling, and dismissal of Count IV of the Amended Complaint. Thus, he cannot directly participate in the proceedings as a pro se litigant.

As previously pointed out by the undersigned in a prior submission, D'Amato confirmed that there are no individual claims in this case and states that "Two successive law firms – Lowenstein Sandler LLP (2017-2023) and Dominic Caruso, Esq. (2023-2026) - both terminated by Mr. D'Amato for cause – pled every claim exclusively under the corporate entity JD Global Sales, Inc." See Document Number 152, at page 4. D'Amato blames both prior counsel for their alleged failure to "recognize that the claims in this case are inherently individual. . . ." Id.

In the March 18, 2026 submission, D'Amato turns his criticism toward the Court by citing to 28 U.S.C § 636(b)(1) and Fed. R. Civ. P 72(b), which governs the role of the Court as it relates to dispositive motions. Here, in considering D'Amato's non-party status, the Court clearly states

---

[1] The Court entered a subsequent Order dated March 24, 2026, which was not referenced in the March 18, 2026 submission by D'Amato. It appears that the March 18, 2026 submission was received by the Court on March 18, 2026 but uploaded to the docket after entry of the March 24, 2026 Order.

that it reviewed the Opinion and Order entered by Judge Martinotti on July 17, 2023 which dismissed D'Amato's individual claims. No dispositive motion was filed (or required to be filed) to address D'Amato's obvious non-party status. The dispositive motion that was filed, by way of the Motion to Dismiss, was appropriately heard before Judge Martinotti, and D'Amato's non-party status resulted from the Opinion and Order entered by Judge Martinotti on July 17, 2023. See Document Numbers 69-70.

In addition, D'Amato incorrectly suggests that the March 4, 2026 Order is the "functional equivalent of an involuntary dismissal," and is a "dispositive" ruling. However, he entirely ignores that the actual plaintiff, JD Global, was given until April 6, 2026 to retain new counsel, after D'Amato dismissed the corporation's prior counsel, Dominic Caruso, Esq., and the Court granted Mr. Caruso's application to withdraw as counsel thereafter. He also ignores that the ruling was procedural, clarifying that D'Amato is not a party plaintiff, consistent with Judge Martinotti's July 17, 2023 Opinion and Order, and thus is not permitted to participate in the proceedings as a pro se litigant.

Based on the foregoing, the Court's Order entered March 4, 2026 confirming D'Amato's non-party status was appropriate and consistent with Judge Martinotti's Opinion and Order. D'Amato's criticism of the Court and his "objections" related to the role of the Court, his status as a non-party, and alleged due process violations which result from his non-party status are baseless and should be rejected in their entirety.

### B. D'Amato's Request to File a Motion to Amend the Amended Complaint Was Appropriately Denied

For reasons set forth above, D'Amato cannot directly participate in the case as a pro se litigant. D'Amato previously stated that he wanted to file an amended pleading to assert claims "that should have been pled from the outset by competent counsel. The evidence supporting each

March 30, 2026
Page 5

claim has been in the record – or in counsel's possession – since 2021." See Document Number 152, at page 5. D'Amato asked that he be permitted to "amend" the existing pleading, so that he then will have "individual" claims in the case. Leaving aside that a non-party cannot seek to "amend" any pleading in an action in which they are not a litigant, any attempt to amend a pleading at this late date is inappropriate because:

1. Any proposed motion is time barred. The Court's Order entered February 2, 2023 states that "Any motion to add new parties or amend pleadings, whether by amended or third party complaint, must be filed not later than August 31, 2023." We are 2.5 years beyond that deadline, and D'Amato has already admitted that his purported claims were known to D'Amato and his counsel in 2021;

2. Defendants have spent significant amounts of time and money in litigating this matter, and permitting any new pleadings would be prejudicial to Defendants; and

3. The specific causes of action referenced by D'Amato in prior filings are otherwise time barred.

Based on the foregoing, we respectfully submit that the Court's Order dated March 4, 2026 which states, in part, that "James D'Amato's request to file a motion to amend the Amended Complaint is denied" was appropriately entered. D'Amato's challenge to the Court's determination should be denied in its entirety.

## C. D'Amato's Baseless and Inaccurate Discovery and Metadata References

### A. September 12, 2024 Discovery Order and July 29 2025 Text Order.

As the Court may recall, Plaintiff's prior counsel and our office exchanged numerous communications regarding discovery disputes that existed in this case. After months of exchanging communications, the parties met in Judge Hammer's chambers in September 2024 to

March 30, 2026
Page 6

discuss discovery disputes and to create the road map and timing for completion of discovery. Judge Hammer may recall assisting counsel regarding certain written discovery agreements.

After the September 2024 meet and confer conference, the Court entered the September 12, 2024 Discovery Order which identified the ESI protocol for search terms at Exhibit A and listed relevant third parties and custodians in the text of the Order. The Defendants utilized the services of TransPerfect and have fully complied with the September 12, 2024 Discovery Order.

During the last meet and confer conference with Judge Hammer, and in the subsequent Text Order entered that same day, on July 29, 2025, Judge Hammer may recall meeting with counsel to discuss limited discovery issues, questions that JD Global had for TransPerfect regarding compliance with the September 12, 2024 Discovery Order, a process for entry into a FRE 502(d) Order regarding production and review of privileged documents and Defendants' request for a summary judgment briefing schedule.

Defendants fully complied with the Text Order by producing a TransPerfect representative for a deposition, and in providing a supplemental Declaration and other communications to the Plaintiff. Defendants also complied with the terms of the FRE 502(d) Consent Order by producing documents that are subject to various Privilege Logs transmitted by Defendants after entry of the September 12, 2024 Discovery Order.

Notwithstanding the 2,500,000 (approx.) pages of documents that have been produced, and the substantial time and cost that has been incurred in the discovery process, Defendants are met with baseless and unsupportable positions regarding meaningless percentages and inaccurate metadata references. Plaintiff has been fixated on inconclusive and inaccurate metadata references throughout this litigation. D'Amato's recent accusation that metadata shows that our office

March 30, 2026
Page 7

conferred with Lowenstein Sandler to prepare a routine motion to seal certain records filed on the docket highlights the unreliable nature of these metadata-based claims.

Plaintiff's failure to focus on the merits of the case has caused Defendants to waste time addressing flawed metadate positions, which resulted in their incurring significant expense. We will address the foregoing in more detail in later submissions, as necessary. In the interim, we respectfully submit that D'Amato's "objections" that relate to discovery and metadata should be ignored and denied in their entirety.

### Conclusion

Based on the foregoing, we respectfully submit that D'Amato's "objections" have not been appropriately filed for consideration by the Court. To the extent that the March 18, 2026 submission is considered, the positions stated therein are baseless and the requested relief should be denied in its entirety.

We thank the Court for its attention to this matter and for considering this submission.

Respectfully submitted,

*/s/ Joseph H. Tringali*

JOSEPH H. TRINGALI

JHT:ll
cc:     Via e-Filing
        Via Regular Mail, JD Global Sales, Inc.