UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JD GLOBAL SALES, INC.,<br><br>Plaintiff,<br><br>v.<br><br>JEM D INTERNATIONAL PARTNERS, LP, JEM D. INTERNATIONAL (MICHIGAN) INC., HAROLD PAIVARINTA, JIM DIMENNA, CARLOS VISCONTI, and ABC COMPANIES 1-10, representing the fictitious names of entities that do business as RED SUN FARMS whose identities are unknown,<br><br>Defendants. | Hon. Brian R. Martinotti, U.S.D.J.<br>Hon. Michael A. Hammer, U.S.M.J.<br><br>Civil Action No.<br>2:21-cv-19943 (BRM) (MAH)<br><br>(Document Electronically Filed) |

DEFENDANTS' MEMORANDUM OF LAW
IN SUPPORT OF MOTION TO DISMISS
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 42(b)

Joseph H. Tringali, Esq. (Bar ID: JT-3853)
Bendit Weinstock, P.A.
80 Main Street, Suite 260
West Orange, NJ 07052
Telephone: 973-736-9800
Facsimile: 973-325-3115
Attorneys for Defendants, Jem D International Partners, LP; Jem D International (Michigan), Inc., Jim DiMenna and Carlos Visconti

Dated: April 7, 2026

TABLE OF CONTENTS


Page

INTRODUCTION ....................................................................................................................1

STATEMENT OF PROCEDURAL HISTORY
AND BACKGROUND...........................................................................................................1

ARGUMENT ........................................................................................................................3

POINT I ...............................................................................................................................3

DISMISSAL WITH PREJUDICE OF PLAINTIFF'S CLAIMS AGAINST THE DEFENDANTS IS APPROPRIATE UNDER FEDERAL RULE OF CIVIL PROCEDURE 42(b) BECAUSE PLAINTIFF VIOLATED THE COURT'S MARCH 4, 2026 ORDER AND HAS MADE ADJUDICATION IMPOSSIBLE

CONCLUSION......................................................................................................................6

# TABLE OF AUTHORITIES

Page

Court Rules, Statutes

Fed.R.Civ.P. 41(b) ....................3, 4

Fed.R.Civ.P. 42(b) ....................1, 5, 6

Cases

Abulkhair v. New Century Fin. Servs.,
467 F.App'x 151 (3d Cir. 2012) ....................4, 5

CRA, Inc. v. Ozitus Int'l Inc.,
2019 WL 1493366, at *2 (D.N.J. April 4, 2019) (Simandle, J.)
2019 U.S. Dist. LEXIS 58191 .................... 4, 5, 6

Ezeani v. Anderson,
2023 U.S. Dist. LEXIS 3295, 2023 WL 128811, at 3* (D.N.J. Jan 9, 2023)
(Martinotti, J.), aff'd sub nom. ....................4, 5

Ezeani v. Kelly,
2023 U.S. App. LEXIS 16753, 2023 WL 4311608 (3d Cir. July 3, 2023)....................4

Hennessey v. Atl. Cnty. Dep't of Pub. Safety,
Civ. A. No. 06-cv-143, 2009 U.S. Dist. LEXIS 55365,
2009 WL 1874097 (D.N.J. June 30, 2009) ....................5

Hildebrand v. Allegheny Cnty.,
923 F.3d 128 (3d Cir. 2019)....................4

Iseley v. Bitner,
16 F. App'x 252 (3d Cir. 2007) ....................4, 6

Poulis v. State Farm Fire and Casualty Co.,
747 F.2d 863 (3d Cir. 1984)....................3, 5, 6

Quality Prefabrication, Inc. v. Daniel J. Keating Co.,
675 F.2d 77 (3d Cir. 1982)....................5

Rowland v. California Men's Colony,
506 U.S. 194 (1993)....................................................................................................5

Simbraw Inc. v. United States,
367 F.2d 373 (3d Cir. 1966)...........................................................................................5

## INTRODUCTION

Defendants Jem D International Partners, LP ("Jem D International") and Jem D International (Michigan), Inc. ("Jem D Michigan"), and individual defendants Jim DiMenna and Carlos Visconti (collectively, "Defendants"), by and through their undersigned counsel, respectfully submit this Memorandum of Law in support of their motion for to dismiss the Amended Complaint pursuant to Rule 42(b) of the Federal Rules of Civil Procedure against plaintiff JD Global Sales, Inc. ("JD Global"), in the above-captioned action ("Action").

## STATEMENT OF PROCEDURAL HISTORY AND BACKGROUND

The following Statement of Procedural History is consistent with the recitation of the Court's footnote in the March 4, 2026 Order denying relief sought by non-party James D'Amato, as well as the recent procedural history preceding this motion to dismiss pursuant to Fed. R. Civ. P. 42(b).

On November 11, 2021, JD Global Sales, Inc. ("JD Global") filed a Complaint against Defendants Jem D International Partners, LP, Jem D International (Michigan), Inc., Jim DiMenna, and Carlos Visconti (collectively, "Red Sun Farms"); and Defendant Harold Paivarinta ("Paivarinta") (together with Red Sun Farms, "Defendants"). D.E. 1. On January 14, 2022, Defendants filed motions to dismiss, D.Es. 17-18. On August 3, 2022, Judge Martinotti granted in part and denied in part Defendants' motions. Op. & Order, D.E. 34-35.

Judge Martinotti granted the motions solely with respect to JD Global's CEPA claim in Count IV of the Complaint, concluding that CEPA protections do not extend to corporations, as the CEPA statute defines an employee as an individual. Op., D.E. 34, at 19-20. Thus, Judge Martinotti dismissed the CEPA claim as the only named plaintiff was a corporation. *Id.*

In response, JD Global filed an Amended Complaint adding James D'Amato as a plaintiff and asserting a CEPA claim on his behalf. Am. Compl. D.E. 38. Again, Defendants moved to dismiss. D.Es. 42-43. Judge Martinotti again dismissed the CEPA claim in Count IV of the Amended Complaint. Op. & Order, D.Es. 69-70.

Judge Martinotti concluded that D'Amato could not bring a CEPA claim against Defendants because he was not an employee or independent contractor of Defendants. Op., D.E. 69, at 23. Notably, Judge Martinotti stated: "The contractual relationship was between Red Sun Farms and JD Global, a corporation that alone, also cannot bring a CEPA cause of action against Defendants." *Id.* Plaintiff did not file an additional amended pleading in response to that decision.

On January 30, 2026, non-party James D'Amato filed a document titled "Notice of Appearance Pro Se and Substitution of Counsel" wherein it states, "Plaintiff JD Global Sales, Inc. will retain separate counsel within sixty (60) days." D.E. 144. On February 25, 2026, Dominic V. Caruso, Esq. filed a motion seeking leave to withdraw from his representation as counsel to Plaintiff. D.E. 148. Defendants consented to Mr. Caruso's withdrawal and to stay these proceedings for twenty-one days to afford Plaintiff time to retain new counsel. D.E. 148-1. On March 4, 2026, Judge Hammer granted Mr. Caruso's motion and allowed Plaintiff an additional "thirty days to secure new counsel, and that any new counsel for Plaintiff shall file a notice of appearance on or before April 6, 2026[.]" D.E. 154. No new counsel for Plaintiff has filed a notice of appearance as of the date hereof.

## ARGUMENT

## POINT I

**DISMISSAL WITH PREJUDICE OF PLAINTIFF'S CLAIMS AGAINST THE DEFENDANTS IS APPROPRIATE UNDER FEDERAL RULE OF CIVIL PROCEDURE 42(b) BECAUSE PLAINTIFF VIOLATED THE COURT'S MARCH 4, 2026 ORDER AND HAS MADE ADJUDICATION IMPOSSIBLE**

Federal Rule of Civil Procedure Rule 41(b) states that "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). "A District Court has the authority to dismiss a suit *sua sponte* for failure to prosecute by virtue of its inherent powers and pursuant to Federal Rule of Civil Procedure 41(b)." *Iseley v. Bitner*, 216 F. App'x 252, 254-55 (3d Cir. 2007). As required by the Rules, Defendants have set a date in the Notice of Motion for this matter to be heard. However, Defendants respectfully submit that Plaintiff's claims may be dismissed *sua sponte* upon review of this application and without the need for delay for the reasons set forth herein.

When considering an application to dismiss a pleading under Rule 41(b), the Court must ordinarily apply the six factors set forth in *Poulis v. State Farm Fire and Casualty Co.*, 747 F.2d 863, 868 (3d Cir. 1984). Those six factors are (1) the extent of the party's responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense. *Id*.

"None of the *Poulis* factors is alone dispositive, and…not all of the factors need to be

satisfied to justify dismissal of a complaint for lack of prosecution." *Hildebrand v. Allegheny Cnty.*, 923 F.3d 128, 131-32 (3d Cir. 2019). Moreover, when "a plaintiff refuses to proceed with [its] case or otherwise makes adjudication of [its] case impossible, a balancing of the *Poulis* factors is not necessary." *Abulkhair v. New Century Fin. Servs.*, 467 F.App'x 151, 153 (3d Cir. 2012); *Ezeani v. Anderson*, 2023 U.S. Dist. LEXIS 3295, 2023 WL 128811, at 3* (D.N.J. Jan. 9, 2023) (Martinotti, J.), *aff'd sub nom. Ezeani v. Kelly*, 2023 U.S. App. LEXIS 16753, 2023 WL 4311608 (3d Cir. July 3, 2023).

The New Jersey District Court, including Judge Martinotti in *Ezeani*, 2023 U.S. Dist. LEXIS 3295, 2023 WL 128811, at 7* (D.N.J. Jan. 9, 2023), has held that a balancing of the *Poulis* factors is not necessary and dismissal is appropriate where a party's failure to abide by a court order makes a case impossible to adjudicate. Moreover, Courts have held that adjudication is impossible where a corporate plaintiff seeks to proceed *pro se* in violation of the well-established principle that a corporation must be represented by counsel in federal court. *CRA, Inc. v. Ozitus Int'l, Inc.*, 2019 U.S. Dist. LEXIS 58191, 2019 WL 1493366, at *2 (D.N.J. Apr. 4, 2019) (Simandle, J.) (dismissing under Rule 41(b) without analyzing the *Poulis* factors where a corporate plaintiff failed to follow a court order requiring the appearance of counsel).

In considering this present motion, the Court is permitted to forgo the balancing of the *Poulis* factors because adjudication is impossible without Plaintiff being represented by counsel. As Judge Hammer provided in a footnote to the March 4, 2026 Order ordering Plaintiff to secure new counsel and for new counsel to file a notice of appearance by April 6, 2026, a "corporation cannot appear before this Court other than through duly admitted counsel. Title 18, United States Code, Section 1654 does not permit corporations, partnerships or associations to appear in

federal court other than through a licensed attorney." *Rowland v. California Men's Colony*, 506 U.S. 194, 202 (1993); *Simbraw Inc. v. United States*, 367 F.2d 373, 374 (3d Cir. 1966)." Thus, adjudication is impossible since Plaintiff is not represented by counsel in violation of the Court's Order, and Defendants respectfully submit that the Court may dismiss Plaintiff's case without balancing the *Poulis* factors.

While "dismissal with prejudice is the ultimate sanction," it is appropriate "if a plaintiff fails to prosecute his case or comply with a court order." *Hennessey v. Atl. Cnty. Dep't of Pub. Safety,* Civ. A. No. 06-cv-143, 2009 U.S. Dist. LEXIS 55365, 2009 WL 1874097 (D.N.J. June 30, 2009) (citing *Quality Prefabrication, inc. v. Daniel J. Keating Co.*, 675 F. 2d 77, 81 (3d Cir. 1982)); *Abulkhair v. New Century Fin. Servs., Inc.*, 467 F. App'x 151, 153 (3d Cir. 2012). Nevertheless, a dismissal with prejudice is appropriate where a corporate plaintiff, such as this Plaintiff, "affirmatively abandon[s] its case" by having no attorney and by failing to comply with a court order to retain counsel. *CRA, Inc.*, 2019 U.S. Dist. LEXIS 58191, 2019 WL 1493366, at *2-3 (D.N.J. Apr. 4, 2019); *Ezeani*, 2023 U.S. LEXIS 3295, 2023 WL 128811, at *2.

Here, non-party James D'Amato's January 30, 2026 filing under D.E. 144 ultimately brought about Defendants' filing of this motion to dismiss under Fed. R. Civ. P. 42(b). Defendants initially consented to Mr. Caruso's withdrawal as counsel for Plaintiff and to stay these proceedings for twenty-one days to afford the Plaintiff time to retain new counsel. In the March 4, 2026 Order granting Mr. Caruso's motion to withdraw, the Court afforded Plaintiff an additional thirty days to retain new counsel. Thus, Plaintiff has had sixty-seven days to retain new counsel since non-party James D'Amato's January 30, 2026 filing under D.E. 144, yet

Plaintiff remains without counsel in violation of the Court's March 4, 2026 Order.

The Court need not balance the *Poulis* factors before dismissing Plaintiff's claims due Plaintiff's failure to retain counsel making adjudication impossible. *CRA, Inc.*, 2019 U.S. Dist. LEXIS 58191, 2019 WL 1493366, at *2 (D.N.J. Apr. 4, 2019) Still, a balance of the *Poulis* factors supports dismissal of Plaintiff's claims pursuant to Fed. R. Civ. P. 42(b). Plaintiff is a corporate entity and responsible for retaining counsel, therefore its continued failure to do so prejudices only Defendants. Defendants continue to defend against the remaining, frivolous claims pending against them at great time and expense. Without Plaintiff retaining counsel, Defendants are without an opportunity to have their day in court with full adjudication of this matter through summary judgment and/or trial. As such, Defendants respectfully submit that dismissal with prejudice of Plaintiff's claims is the only appropriate remedy in this matter.

Defendants intend to file a separate motion for sanctions to address positions taken and the manner that this case has been handled.

**CONCLUSION**

For the foregoing reasons, Defendants respectfully request that their motion to dismiss pursuant to Rule 42(b) of the Federal Rules of Civil Procedure be granted.

Respectfully submitted,

/s/ Joseph H. Tringali

Joseph H. Tringali (Bar ID: JT-3853)
Bendit Weinstock, P.A.
80 Main Street, Suite 260
West Orange, NJ 07052
Telephone: 973-736-9800
Facsimile: 973-325-3115
Attorneys for Defendants

Dated: April 7, 2026