James D'Amato, Pro Se
233 Rock Road #101
Glen Rock, New Jersey 07452
(201) 280-1109 | jim@jdglobalsales.com

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JD GLOBAL SALES, INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>JEM D INTERNATIONAL PARTNERS, LP; JEM D INTERNATIONAL (MICHIGAN) INC.; JIM DIMENNA; CARLOS VISCONTI, et al.,<br><br>Defendants. | Civil Action No.<br>2:21-cv-19943-MEF-ADS<br><br>**OPENING LETTER REGARDING MOTION FOR LEAVE TO AMEND** |

October 18, 2026

Hon. Alex D. Silagi
United States Magistrate Judge
United States District Court, District of New Jersey

Dear Judge Silagi:

I submit my individual motion for leave to amend under D.E.174. Because this case was reassigned to Your Honor on September 10, 2026, I briefly summarize its nearly five-year history and propose an orderly way forward within the Court's existing orders, not a restart.

History. Lowenstein Sandler LLP filed the original complaint on November 11, 2021 and the Amended Complaint on August 31, 2022. D.E.1, 38. Dominic V. Caruso's substitution was docketed August 10, 2023. D.E.72. The discovery order was signed September 12, 2024 and entered September 13, 2024. D.E.90. On

March 4, 2026, D.E.154 permitted Mr. Caruso to withdraw and required counsel for JD Global Sales, Inc. to appear by April 6, 2026; D.E.155 struck my notice of appearance and denied the amendment request then presented. On September 17, 2026, D.E.174 authorized me individually to move to amend by October 18, 2026 and disposed of D.E.160. I rely on that specific permission, not a blanket repeal of earlier orders.

Counsel. D.E.152, pages 2–3 and 13(d), asked to defer the corporate-counsel deadline until an amendment ruling clarified the individual and corporate claims. D.E.154 nevertheless set April 6, 2026. That deadline has passed; my requests did not suspend it. My March 18, 2026 declaration at D.E.160, paragraph 44, disclaimed asking the Court to appoint counsel, order representation, or take other action regarding my inability to retain an attorney, although that filing's brief argued for staying the corporate claims pending retention of counsel. D.E.160 at 22, 53 (PageIDs 2611, 2642). I now expressly request ninety days from entry of an order for JD Global to retain counsel and for counsel to appear, with reports of actual efforts and results at days 30 and 60 as checkpoints, not earlier retention deadlines. I separately ask the appropriate judicial officer to defer disposition of D.E.163 for that period, or to direct the proper applicant and procedure. I do not seek appointed counsel, authority to represent JD Global, or automatic renewal,

and neither request postpones the October 18, 2026 deadline or asks that the amendment motion await the ninety-day period.

I am seeking counsel now; that search does not await a ruling or the files. A ruling would clarify a prospective lawyer's scope, and reconciling both Lowenstein Sandler's and Mr. Caruso's files, including correspondence sent to and received from defense counsel and associated attachments, would help me give counsel a complete account. Some communications have since been recovered; Mr. Caruso states his office transferred the complete file. D.E.148-1 paragraph 6. I seek a process to reconcile that disagreement, not a finding that no files were returned or a finding against either firm. Declaration paragraphs 147–153.

If willing counsel can be retained for a defined initial phase, I ask whether the Court would consider counsel's application for a limited appearance as a bridge toward continuing representation, without assuming a commitment beyond the approved scope. Any such application would identify the work, duration, responsibilities outside that scope and transition arrangements. The Court would decide whether, and for what purposes, such an appearance satisfies the counsel requirement, and any limitation or withdrawal would require its express approval. This does not supply counsel, permit corporate self-representation, or change the ninety days and reports.

Discovery. My position that discovery remains incomplete concerns specific unresolved coverage questions, not universal noncollection. D.E.90, Exhibit A, pages 4–5, has no express first- or last-name search terms for Don Fox, Braulio Valdes or Bill Duesenberg; "Walmart*" and "Aldi*" appear only within compound terms 16 and 44; page 2 provides a filtered six-non-custodian email route. These provisions do not show whether the buyers' relevant communications were collected and produced. I have not received a reply or delivery in response to my July 27, 2021 property request, and my retained partial mailbox does not show whether a complete copy was preserved elsewhere. Declaration paragraphs 131–132. I seek directions to determine coverage and, if warranted, present targeted requests, not discovery relief through this letter.

D.E.175, my September 29, 2026 letter seeking procedural direction on selected ADS submissions, corrections and earlier counsel-time requests, did not itself withdraw a submission or obtain a stay. I request a procedure to identify individually the submissions in the old special-master/neutral-examiner package to be withdrawn and corrections sought, preserving the submission history, separate counsel-time requests and sealing objections, without deleting the record or withdrawing all ADS submissions.

The proposed amended complaint presents all eighteen numbered theories for consideration, some expressly conditional; this letter withdraws none. It seeks

claim-specific additions of Walmart Inc., Don Fox, Braulio Valdes, Aldi Inc. and Bill Duesenberg; JEM-D International Inc. on a limited general-partner theory; Harold Paivarinta on R12, disclosing his earlier dismissal; and Roberto Saldaña Castillo on R12 only, with the existing Michigan and Partners LP defendants as alternative principals. I proceed individually, request no assignment, and seek direction on JD Global's claims while it seeks counsel. This letter does not establish my standing to assert corporate claims.

I ask for a case-management conference or written directions sequencing representation, both firms' files and the discovery and subpoena questions; no requested relief is presumed granted.

Respectfully submitted,

Signature:
James D'Amato, Pro Se
Individually
233 Rock Road #101
Glen Rock, New Jersey 07452
(201) 280-1109 | jim@jdglobalsales.com
Date: October 18, 2026

UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

JD GLOBAL SALES, INC., et al.,

Plaintiffs,

v.

JEM D INTERNATIONAL PARTNERS, LP, et al.,

Defendants.

Civil Action No. 2:21-cv-19943-MEF-ADS

**NOTICE OF JAMES D'AMATO'S INDIVIDUAL MOTION FOR LEAVE TO AMEND AND FOR RELATED PROCEDURAL DIRECTIONS**

Motion day: November 16, 2026, or such other date as the Court directs.

Oral argument is respectfully left to the Court's discretion.

**TO THE EXISTING PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that James D'Amato, individually and not as attorney for JD Global Sales, Inc., moves before the Honorable Alex D. Silagi, United States Magistrate Judge, pursuant to D.E.174 and Federal Rules of Civil Procedure 15(a)(2) and 21, for the following relief:

Passages marked [REDACTED] are withheld from this public copy because they contain, or may contain, material produced under the Discovery Confidentiality Order (D.E.62). James is requesting instructions from the Clerk's Office for submitting the unredacted versions.

1. Leave to amend on the basis of the accompanying proposed amended complaint and full comparison with D.E.38. All eighteen numbered theories, R01 through R18, are presented for consideration; this motion does not select a five-count complaint or voluntarily withdraw any of those eighteen theories. James seeks relief only on rights he may assert personally, using the separate-rights allocation stated in each count's SCOPE paragraph. R07 and R11 remain review candidates without a cleared final claimant, and R07 lacks a cleared final defendant; a motion presenting those candidates is not represented as resolving their prerequisites. The paragraphs identifying JD Global's corporate claims are included for the Court's directions and are not asserted by him; their inclusion does not authorize him to assert or prosecute JD Global's claims and is not represented as preserving any claim.

2. Express directions fixing the permitted pleading form, the claimant and defendant scope authorized by the Court, and the treatment of JD Global's existing claims during the representation interval. James does not assume that an individual amendment automatically leaves a separate corporate pleading operative, that a

reservation creates a pending new corporate claim, or that this motion transfers a corporate right to him. No assignment or recognition of an assignment is requested.

3. Consideration of the proposed addition of Walmart Inc., Don Fox, Braulio Valdes, Aldi Inc., and Bill Duesenberg on the particular claims and allegations identified in the proposed pleading. Inclusion of a proposed defendant is not an assertion that personal jurisdiction, service, statutory liability, or an individual right of recovery has already been established. This revision also seeks consideration of JEM-D International Inc. as a new defendant on the limited general-partner route specified in proposed paragraphs P13-P14 and R01-R03, R09-R10 and, conditionally, R17. Jem D International (Michigan) Inc. and Jem D International Partners, LP remain existing defendants pleaded as alternative principals, not new parties. The retailer/buyer map is Walmart Inc. and Braulio Valdes on R12/R18, Don Fox on R12, and Aldi Inc. and Bill Duesenberg on R11/R13/R18, subject to the count-specific conditions. Jim DiMenna and Carlos Visconti remain proposed only for their own supported acts in R04, R14 and R15 as specified in those counts, not as automatic personal guarantors. No other RSF affiliate or individual is joined merely because it is identified in proposed paragraph P7 or elsewhere in these papers.

3A. Express leave to add Harold Paivarinta as a defendant on proposed R12, Walmart interference, based on his own conduct identified in R12.3-R12.3C and

the accompanying brief. James acknowledges D.E.69, page 21 footnote 5 and pages 22-23, and D.E.70, which dismissed the then-pleaded CEPA claim and granted Paivarinta's dismissal. This is a request to add the distinct R12 claim through the amendment procedure authorized by D.E.174, not an assertion that the prior dismissal vanished or that caption placement restores him. The request does not add Harold to every proposed count or automatically revive CEPA against him. Any further procedure required because of that dismissal must be expressly addressed; no present joinder, adjudicated personal right, completed service or source release is assumed.

3B. Express leave to add Roberto Saldaña Castillo as a defendant on proposed R12 only, based on the qualified allegations in R12.3D. This request does not add him to another count or assert that ownership alone establishes interference. The proper claimant, Roberto's conduct and capacity, knowledge, causation, jurisdiction, service, limitations and any necessary relation back remain subject to the applicable requirements. No present joinder, finding of liability or source release is assumed.

4. An express ninety-day period, running from entry of an order granting that relief, for JD Global to retain licensed counsel and for counsel to appear, with reports of actual efforts and results at days thirty and sixty. Those reports are not earlier retention deadlines. This is not a request for appointed counsel, corporate

pro se representation, or automatic renewal. Separately, James requests that the appropriate judicial officer defer disposition of D.E.163 for the same period, or direct the proper applicant and procedure if that relief cannot be presented through this motion. Neither deferral nor an extension is represented as already granted.

4A. If willing counsel can be retained for JD Global for a defined initial phase, directions concerning counsel's application for a limited appearance as a bridge toward continuing representation. The application would specify the proposed work, duration, responsibility for obligations outside that scope and transition arrangements, with any limitation or withdrawal subject to the Court's express approval. No limited appearance, automatic withdrawal, corporate pro se authority or change to the requested ninety-day period and day-thirty/day-sixty reports is assumed. Whether, and for what purposes, such an appearance satisfies the requested counsel-appearance requirement would be for the Court to decide. No commitment by counsel beyond the approved scope is assumed.

5. A case-management conference or written directions concerning a focused procedure, on appropriate notice, to reconcile the case files of both Lowenstein Sandler and Dominic V. Caruso, including case-related two-way correspondence with defense counsel and associated attachments. The request is for directions concerning the proper applicant, scope, notice, response and protected-handling procedure; it is not a request here for immediate compelled turnover, a misconduct

finding, unrestricted firm-system access, or James's control of corporate-only rights.

6. Directions for the proper presentation of specific discovery and subpoena issues affecting the amendment record, including whether the relevant retailer-personnel communications were collected and produced and whether targeted supplemental searches are warranted. James does not seek in this motion an immediate order requiring a documented account and responsible-person certification of the custodians, devices and data sources searched, the collection and production methods used, and known exclusions or exceptions, or an independent examination of the November 17, 2025 declaration of Chadwick Bacevice, Director, Project Manager, TransPerfect Legal, concerning his September 24, 2025 deposition. Any such affirmative application would require its own authorized procedure. The amendment motion is not delayed pending that process, and no right to further amendment is presumed.

7. Directions concerning the selective withdrawal/correction procedure described in D.E.175, without treating that letter as an accomplished withdrawal or stay, deleting docket history, withdrawing separate counsel-time requests or sealing objections, or refiling D.E.156-2 through D.E.156-7. The specific submissions, requested corrections and exclusions must be individually identified through the

authorized procedure; no private working schedule is automatically tendered or source-cleared, and this notice does not itself withdraw any submission.

The motion relies on the accompanying brief; the coordinated declaration of James D'Amato and its properly identified, permitted supporting materials; the proposed amended complaint and full marked comparison; the proposed order; and the opposition-status statement. The accompanying opening letter summarizes the requested path without replacing the motion or modifying its scope.

The actual opposition status is not ascertained: James has not asked defense counsel for consent to or opposition to this particular proposed October 18 motion. No statement of consent, nonopposition, refusal, completed conferral or agreement is made. Prior positions on different requests are not substituted for the current position.

All requested relief is subject to the Court's authority and existing orders, including D.E.62 and D.E.159. D.E.174 authorizes this motion; it is not invoked as a blanket release from those orders or as a present adjudication of the claims, parties, stay or corporate representation.

James D'Amato, individually

Signature:

Date: October 18, 2026

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

JD GLOBAL SALES, INC., et al., Plaintiffs,
v.
JEM D INTERNATIONAL PARTNERS, LP, et al., Defendants.

Civil Action No. 2:21-cv-19943-MEF-ADS
Motion day: November 16, 2026, or such other date as the Court directs.
Oral argument is respectfully left to the Court's discretion.

# BRIEF IN SUPPORT OF JAMES D'AMATO'S INDIVIDUAL MOTION FOR LEAVE TO AMEND AND RELATED PROCEDURAL DIRECTIONS

**TABLE OF CONTENTS**

Preliminary Statement — 4

I. The September 17 authorization and the earlier procedural record — 5

II. The full eighteen-theory proposed amendment and the limited leave question — 7

III. Claim-specific personal rights and express treatment of the corporate pleading — 12

IV. A defined representation interval and the separate D.E.163 request — 23

V. Former-counsel files: reconciliation directions, not an adjudication of fault — 25

VI. Discovery and selective-submission directions through the proper procedure — 26

Conclusion — 29

**TABLE OF AUTHORITIES**

17 U.S.C. 411(a) — 9

Federal Rule of Civil Procedure 8(d)(2)-(3) — 20

Federal Rule of Civil Procedure 11(b)(3) — 8, 20

Federal Rule of Civil Procedure 12 — 5

Federal Rule of Civil Procedure 15(a)(2), (c) — 7, 10, 12, 14, 18, 19, 29

Federal Rule of Civil Procedure 16(b)(4) — 10

Federal Rule of Civil Procedure 17(a)(3) — 14

Federal Rule of Civil Procedure 20(a)(2) — 15

Federal Rule of Civil Procedure 21 — 18, 19

Vosough v. Kierce, 437 N.J. Super. 218 (App. Div. 2014) — 19

Federal Rule of Civil Procedure 44.1 — 22

Ontario Limited Partnerships Act, R.S.O. 1990, c. L.16, section 8 — 22

Ontario Partnerships Act, R.S.O. 1990, c. P.5, section 10(1) — 22

Local Civil Rule 15.1 — 7

Walden v. Fiore, 571 U.S. 277, 284–286 (2014) — 17

Local Civil Rule 102.1 — 23

Magistrate Judge Silagi's Case Management Order, paragraphs 5 and 12 — 27

Case-specific docket references are cited with pinpoint locations in the argument.

**PRELIMINARY STATEMENT**

Passages marked [REDACTED] are withheld from this public copy because they contain, or may contain, material produced under the Discovery Confidentiality Order (D.E.62). James is requesting instructions from the Clerk's Office for submitting the unredacted versions.

James D'Amato moves in his own capacity under the express authorization in D.E.174. He requests consideration of the complete proposed amendment, comprising all eighteen numbered theories R01-R18, together with the full comparison to D.E.38. He does not elect a five-count complaint, ask the Court to deem undeveloped assertions proved, or purport to become JD Global Sales, Inc.'s lawyer. The proposed text distinguishes personal theories from JD Global's corporate claims, which it identifies for directions without asserting them. He asks the Court to specify the permissible pleading vehicle and treatment of the corporation's existing claims rather than assuming that a reservation, individual signature or new title resolves those questions.

The motion also requests a defined path to obtain corporate counsel and resolve the practical record issues relevant to the amendment. The requested representation period is ninety days from an express order, with reports at days thirty and sixty. The requested deferral of D.E.163 is separate and must be addressed by the

appropriate judicial officer. No stay, extension, assignment or corporate appearance is represented as having already occurred.

Two successive law firms represented the plaintiffs in an action commenced in November 2021. D.E.148-1 paragraph 2. That history explains why the current problem is not a refusal to obtain counsel at the outset. It does not establish malpractice, excuse every period of delay, erase the April 6, 2026 counsel deadline, or remove the requirements governing the amendment. D'Amato's current declaration describes his continuing search and the unresolved completeness of the transferred files. Coordinated Declaration, paragraphs 147-153.

## I. THE SEPTEMBER 17 AUTHORIZATION AND THE EARLIER PROCEDURAL RECORD

D.E.174 permits James to move before the Magistrate Judge for leave to file an amended complaint by October 18, 2026, states that a later motion will not be accepted, directs non-futility objections to the Magistrate Judge, and identifies a later free-standing Rule 12 motion as the proper setting for futility objections. It also disposes of D.E.160. James seeks to use that permission, not enlarge it into unrestricted authority for collateral filings or treat it as leave to file the proposed complaint without a ruling.

The earlier orders remain material. D.E.154 permitted Caruso's withdrawal and required replacement corporate counsel to appear by April 6. D.E.155 struck James's appearance and denied the requests then presented. Its footnote 2 identifies the surviving D.E.38 counts as claims pleaded by JD Global, not a present finding that James owns those rights. D.E.159 sealed D.E.156-2 through D.E.156-7, prohibited their refiling, and imposed restrictions premised on James's then non-party status. D.E.174 supplies the specific subsequent permission for this amendment motion; it is not invoked as a blanket repeal of D.E.159, an unsealing order or a release of protected information.

The requests have also changed and should be described candidly. D.E.152, pages 2-3 and 13(d), asked to defer the corporate-counsel deadline until the amendment process clarified the individual and corporate litigation. That request did not itself suspend the deadline later imposed by D.E.154. In D.E.160, declaration paragraph 44, James stated that he was not asking for appointment of counsel, ordered representation, or other action regarding his inability to retain an attorney. The present request, following D.E.174, is a distinct express request for a bounded representation interval; it is not presented as relief already requested and granted. D.E.175 was a procedural-direction letter, not a completed withdrawal or an order staying the action.

## II. THE FULL EIGHTEEN-THEORY PROPOSED AMENDMENT AND THE LIMITED LEAVE QUESTION

Rule 15(a)(2) supplies the standard for leave. D.E.174 determines the immediate motion sequence, including its treatment of futility objections. This motion presents the proposed pleading and a complete marked comparison, as required by Local Civil Rule 15.1 unless the Court excuses a requirement. It seeks leave on the record actually supplied, without asking the Court to resolve the merits in James's favor at this stage.

The proposal includes: R01, breach of the alleged personal undertaking and an intended-beneficiary alternative; R02, the implied covenant; R03, promissory estoppel; R04, CEPA; R05 and R06, federal and New Jersey trade-secret theories; R07, copyright; R08, the Sales Representatives Rights Act; R09 and R10, unjust enrichment and quantum meruit; R11, Sherman Act section 1; R12 and R13, Walmart and Aldi interference; R14, civil conspiracy; R15, fraudulent inducement; R16, conversion; R17, equitable accounting; and R18, aiding and abetting. The R-numbers identify the current proposed theories, not the Roman-numeral counts in D.E.38. Inclusion of all eighteen for consideration is not a claim that each has already survived a merits ruling or that each belongs personally to James.

The common account concerns the alleged compensation undertaking, the relationship between the lower accepted rate and the protections James says he required, the services and customer work performed, the course of payments, and the termination and later use of work. The proposal distinguishes contemporaneous records from James's recollection and inferences. Performance and payment can support his account without conclusively establishing every disputed duration, buyout, assignment, ownership or post-termination term. The proposal does not turn a proposed minimum into an accepted minimum, a corporate payment into proof of personal title, or anticipated customer opportunities into verified awards or damages.

Nor does the existence of discovery questions permit missing elements simply to be replaced with the words 'to be established.' Rule 11(b)(3) continues to govern factual contentions. Each theory must retain its actual supporting facts, contrary context, claimant and defendant attribution. The prior CEPA dismissal is acknowledged, not treated as never entered. The copyright history, work-specific ownership questions, antitrust injury, and predicate/assistance requirements remain distinct issues; the permission to seek amendment does not decide them. Preserving the full amendment scope is not a representation that those issues are resolved.

R07 is not excluded solely because U.S. registration was refused: §411(a) provides a conditional refusal route. The located certificate, refusal correspondence, historical notice and withdrawal are separately identified. They do not themselves establish the particular claimant's exclusive right, protectable expression, unauthorized defendant act or current statutory prerequisites. The proposed all-eighteen amendment therefore retains R07 with its expressly unresolved work-specific conditions; it does not characterize the previously withdrawn corporate copyright count as presently surviving.

R11 is presented conditionally; inclusion of this count does not establish antitrust standing or a completed boycott. [REDACTED] It preserves potential exclusion for refusing a supported anti-Lidl condition, rather than treating every lost Aldi opportunity as the profits of joining a restraint. A particular agreement, competitive-effect account and causal injury to the proper claimant still require factual support; JDGS's compensation interest is not automatically James's personal antitrust claim. [REDACTED]

The March 4 denial in D.E.155 and the September 17 permission in D.E.174 provide a concrete reason to distinguish the present motion from an unexplained attempt to amend on the old procedural footing. James seeks leave within the new route and time expressly provided by the Court. Presenting the individual/corporate distinction in a coordinated form now addresses the issue identified in D.E.155

instead of treating his earlier appearance as effective. That sequence supports the timeliness of this response to D.E.174, without excusing every earlier period of delay or suggesting that the October 18 deadline alone resolves all objections.

The proposed amendment concerns the relationship already described in D.E.38, but James acknowledges that new parties and additional theories can impose real response, jurisdictional, service and discovery burdens. He therefore seeks claim-specific party attribution, a complete comparison and focused case-management directions, rather than a restart of all completed discovery or an assumption that every addition is harmless. Those measures permit the Court to identify and manage the concrete additional work while considering the individual claims through the route it has just authorized. James asks that the motion not be rejected as mere repetition of his previously denied request, and that any actual prejudice be assessed against the particular changes and the available focused procedures.

James requests any modification of the scheduling order necessary under Rule 16(b)(4), rather than relying on Rule 15(a)(2) alone. D.E.57, paragraph 12, set August 31, 2023 as the deadline for motions to amend or add parties. D.E.174 later authorized this individual motion by October 18, 2026, but James does not treat that permission as an express determination that all earlier delay was justified.

The record contains amendment-related activity before this application. Counsel's July 31, 2024 letter stated an intention to investigate the use of copyrighted material and amend the complaint accordingly (D.E.84, p.2, PageID1320). That statement concerned copyright; it is not presented as a request to add every claim or party now proposed. In February 2026, James identified proposed individual claims and requested permission to amend, while acknowledging receipt of case files on February 20 and disputing their completeness (D.E.149, p.2, PageID2000). D.E.155 denied permission on March 4. James's objection, D.E.160, bears a March 18 filing date and March 25 entry date. D.E.174 disposed of that objection on September 17 and authorized the present application. These steps support consideration of the request on its actual procedural history; the filing deadline in D.E.174 does not alone establish diligence for each proposed change.

The earlier complaints provide a basis for a claim-specific relation-back analysis. They identified the two Jem D entities, Harold Paivarinta, Jim DiMenna and Carlos Visconti, and alleged the commission-agreement negotiations (D.E.1, ¶¶38–40; D.E.38, ¶¶39–41), the October 2018 Walmart sequence (D.E.1, ¶¶41–44; D.E.38, ¶¶42–45), and fraudulent inducement of JD Global (D.E.1, ¶¶134–144; D.E.38, ¶¶149–159). James relies on that factual overlap, not on a claim that every proposed count automatically relates back. D.E.1 named JD Global alone as plaintiff; D.E.38 added James, but the Court subsequently identified the surviving

claims as JD Global's (D.E.155, p.2 n.2). The proposed individual claims, corporate claims, restoration of a dismissed defendant, and addition of new defendants therefore require separate analysis under the applicable provisions of Rule 15(c). This request does not treat factual overlap as transferring JD Global's rights or satisfying the notice and mistake requirements for newly added defendants.

## III. CLAIM-SPECIFIC PERSONAL RIGHTS AND EXPRESS TREATMENT OF THE CORPORATE PLEADING

James proceeds individually. D.E.154 expressly recognizes that the corporation requires licensed counsel. Neither his status as JD Global's principal nor his role in performing the work gives him authority to litigate the corporation's rights personally. He therefore requests an express, claim-specific ruling identifying what he may plead in his own name and what must be presented through corporate counsel.

The proposed pleading now states a claimant-and-defendant allocation at the start of each count. James's personal undertaking, reliance, property or tort injury must be separately supported; corporate contract, commission, service and property rights remain JD Global's track through counsel. CEPA is proposed only for James. R07 and R11 remain conditional review candidates without a cleared final

claimant, and R07 has no cleared final defendant. Their visibility is not a representation that naming a claimant, preserving a label or awaiting discovery supplies the missing title, qualifying injury or statutory prerequisite.

All eighteen sections remain visible, together with the paragraphs identifying JD Global's corresponding corporate claims for the Court's directions on a proper corporate pleading vehicle. Visibility is not a filing by JD Global. James does not ask the Court to treat new corporate-only claims as pending merely because their text appears in an individual motion or because he reserves them. Conversely, the motion is not intended as a voluntary dismissal or abandonment of JD Global's existing claims. He asks for a specific ruling about the operative pleading and representation sequence so that the effect does not depend on an unexamined assumption that two complaints coexist or that every earlier corporate allegation disappears.

If separate treatment of an individual amendment and the existing corporate pleading is permitted, James asks the Court to define it expressly, including the paragraphs and claims authorized for individual filing and the status of the existing JD Global claims. If that form is not permitted, he requests directions fixing a coordinated format and a lawful opportunity for corporate counsel to address the corporate portion. He does not request that new corporate-only claims be deemed

filed in the meantime or that their limitations position be resolved by reservation language. No assignment or recognition of an assignment is sought in this motion.

Rule 17(a)(3) is not invoked as automatic standing, a transfer of ownership, or permission for corporate pro se litigation. Any ratification, joinder or substitution issue must satisfy the rule and the actual rights and procedural circumstances; the motion does not presume that every defect is curable that way. Likewise, Rule 15(c) relation back must be assessed under its conditions, including any applicable new-party requirements. It is not asserted as automatic for every personal theory or every proposed defendant.

The five proposed retailer/buyer additions identified in the accompanying opening letter are Walmart Inc., Don Fox, Braulio Valdes, Aldi Inc., and Bill Duesenberg. The count-specific scope is Walmart Inc. and Braulio Valdes on R12/R18, Don Fox on R12, and Aldi Inc. and Bill Duesenberg on R11/R13/R18, subject to the stated support and identity conditions. Their proposed roles must be connected to particular allegations and claims, rather than attributed collectively to 'RSF.' This revised proposal also specifically seeks to add JEM-D International Inc. on the limited general-partner route in proposed paragraphs P13-P14, while pleading Michigan and Partners LP as alternative principals. Jim DiMenna and Carlos Visconti are proposed for their own supported acts in R04, R14 and R15 as specified by each count, not for every corporate obligation or as automatic personal

guarantors. The proposed addition of Roberto Saldaña Castillo is limited to R12 and is addressed separately below. Other known RSF-side candidates are identified for further evaluation in proposed paragraph P7, not joined by that identification. Rule 20(a)(2)'s joinder requirements, subject-matter and personal jurisdiction, applicable statutory reach and service remain separate from whether the underlying course of events is related. James requests the Court's consideration of the supported additions; he does not assert that identification of a person or entity in proposed paragraph P7 or elsewhere in these papers itself establishes those requirements.

James is not voluntarily abandoning potential claims against the affiliates disclosed in D.E.30 or other officers and owners, including Steve Macchio, who are not named as defendants in this proposed pleading. He requests that the order on this motion not foreclose a later, properly supported request to add a particular party if further discovery supplies the necessary basis. This is a request for the Court's determination, not present joinder or advance permission to amend. Any later request remains subject to the applicable rules and Court orders, including any required good-cause showing, limitations and relation-back requirements, jurisdiction and service. This reservation does not toll a limitation period, extend a deadline, or guarantee that a later amendment will be permitted.

On information and belief, Walmart Inc., formerly Wal-Mart Stores, Inc., is incorporated in Delaware and has its principal place of business in Bentonville, Arkansas. On information and belief, ALDI Inc. is incorporated in Illinois and has its principal place of business in Batavia, Illinois. Proposed Complaint paragraphs J2A-J2B. These allegations remain subject to confirmation of the exact proposed entities and the legally relevant dates. They do not establish the citizenship of the individual buyers or the proposed general-partner defendant, complete diversity, attribution of a particular act to the named corporation, personal jurisdiction or service.

**NEW JERSEY CONTACT FACTS**

Mr. D'Amato supplies additional facts concerning his New Jersey-based account work. His Red Sun Farms-branded business card displayed 233 Rock Road #101, Glen Rock, New Jersey, his mailbox address. He worked from his greenhouse office at 20 Berry Place, Glen Rock, New Jersey. He recalls personally handing his card to everyone present at a meeting at Walmart's office in Doral, Florida, including Walmart representatives Don Fox and Braulio Valdes, and to ALDI representative Bill Duesenberg at ALDI headquarters after Lisa Netzel departed. Those deliveries are presented as his recollection, not as independently verified acknowledgments of receipt. Declaration ¶¶4D–4E.

To the best of his recollection, from 2015 through 2021, Mr. D'Amato participated in all video calls, including Microsoft Teams and Zoom calls, from his greenhouse office in New Jersey. [REDACTED] His account of his New Jersey location rests on his qualified recollection, not location data in those records. Declaration ¶¶4F–4G; [REDACTED]

[REDACTED] These are offered as particular contacts, not as proof of attendance, individual knowledge of James's location or wrongful purpose. Proposed Complaint ¶J4D.

These facts are offered for consideration with each defendant's own suit-related conduct, not as a claim that an address-bearing card, an out-of-state meeting or Mr. D'Amato's location alone establishes personal jurisdiction. Specific jurisdiction requires the defendant's own suit-related connection to the forum. Walden v. Fiore, 571 U.S. 277, 284–286 (2014).

James supplies a qualified recollection identifying Braulio Valdes as the buyer Carlos Visconti named after the October 2018 trade-show conversation. James recalls Carlos saying that if James remained on the Walmart account, Red Sun Farms would not grow and might decline; he understood the message to mean that the business was not safe if he remained. James did not hear the private conversation between Carlos and Braulio. This account is narrower than D.E.38 paragraph 44's characterization of a refusal to continue business and is presented

as James's recollection of Carlos's report, not as Braulio's exact words or a firsthand account of their conversation. Declaration ¶113A; proposed R12.2A.

**EXPRESS REQUEST TO ADD HAROLD PAIVARINTA ON R12**

James expressly seeks leave under Rules 15(a)(2) and 21 to add Harold Paivarinta as a defendant on proposed R12, Walmart interference. D.E.69, page 21 footnote 5, states that Count IV was the only claim then asserted against him; pages 22-23 address CEPA's covered-relationship requirement. D.E.70 granted his dismissal. James discloses that disposition and does not characterize it as expressly without prejudice, automatically vacated by D.E.174, or a ruling on an unpleaded Walmart-interference claim. The present request is for the Court to authorize that distinct claim expressly, not to restore Harold by caption alone or add him automatically to every count. It does not seek automatic revival of CEPA against Harold.

The request rests on particular conduct, not his sales title alone. [REDACTED]

[REDACTED]

Harold was a previously named participant in the action, and the proposed conduct concerns the account relationship and termination dispute already central to it. That connection supports considering the specified addition in this authorized amendment, but it does not make the new R12 theory free of prejudice or eliminate a need for focused responsive discovery. James does not assert that the

communications were newly discovered on a verified date. The present record must still address any diligence objection, the applicable limitation period, any necessary relation back, personal jurisdiction, notice and service. Previous party status does not itself establish all of those matters.

James also seeks leave under Rules 15(a)(2) and 21 to add Roberto Saldaña Castillo on R12 only. Proposed paragraph R12.3D alleges on information and belief that Roberto withheld approval of writings memorializing the earlier oral terms and later approved termination. [REDACTED] The ownership approval described in Declaration ¶63 concerned a company proposal that, in James's view, did not reflect the terms agreed in 2016. The proposed allegation is not a finding of Roberto's particular involvement, a personal guaranty, or liability from ownership alone. A sufficient factual basis, the relevant outsider or other actionable capacity, knowledge, causal injury, the proper claimant, jurisdiction, service, limitations, any necessary relation back and diligence remain to be established. Unlike Harold, Roberto is proposed as a new party, not a previously dismissed defendant.

R12 distinguishes interference with a separate Walmart-related expectancy from breach of an RSF principal's own compensation contract. Under Vosough v. Kierce, 437 N.J. Super. 218 (App. Div. 2014), an employee's hostile or wrongful methods do not alone establish that the employee acted outside the employer's interests for an interference claim concerning that employer's relationship. James

therefore relies on identified conduct and the particular relationship, not universal employee liability or immunity. The right-holder and causal injury must be stated: a corporate commission loss cannot simply be relabeled as James's personal loss.

[REDACTED] Rule 11(b)(3) governs any specifically identified facts expected from further discovery; incomplete discovery is not a substitute for a supported claim. In accordance with D.E.174, the request is for leave, not a present adjudication of tort liability. If the Court determines that an additional procedure concerning D.E.69-70 is necessary before this addition can be granted, James requests express directions rather than treating the prior order as ineffective. The motion does not presume authority to reopen a District Judge's disposition or an automatic entitlement to reconsideration. Protected-source treatment remains governed by D.E.62 and D.E.159; inclusion of these quotations does not authorize public release.

**ALTERNATIVE RSF ENTITY ATTRIBUTION**

Rule 8(d)(2)-(3) permits alternative and inconsistent pleading. James therefore need not decide conclusively before discovery whether Michigan or the LP was the responsible principal in every disputed oral transaction. That permission does not dispense with Rule 11's reasonable-inquiry requirement or turn uncertainty into a factual allegation against every affiliate. The proposal identifies each alternative's

support and the contrary documents instead of pleading a single indistinguishable Red Sun Farms enterprise.

D.E.71 paragraphs 4, 6, 7 and 13 supply defendants' own account that Michigan and the LP use the trade name, share the identified management and have the described customer-business roles. The November 19, 2014 agreement identifies Michigan as the service-contract company and expressly describes its sales and marketing services for the LP dba Red Sun Farms. [REDACTED] The absence of an assumed-name certificate in the reviewed Michigan collection is not proof of no trade-name use; conversely, a brand signature does not identify the contracting principal by itself.

The general-partner addition rests on a distinct role, not merely ownership. D.E.30 provides the disclosed corporate relationship. [REDACTED] These are dated party statements, not judicial findings or conclusive proof of uninterrupted status through every later event. Source-specific authentication and protected-handling review remain required; this brief does not attach or publicly release a protected production merely by referring to it here.

If a qualifying LP obligation is established, James proposes to invoke the liability consequences of the corporate general partner's status for R01-R03 and R09-R10, with R17 only insofar as an independent accounting basis follows. Section 8 of

Ontario's Limited Partnerships Act supplies the proposed general-partner-liabilities bridge, read with section 10(1) of its Partnerships Act for partnership debts and obligations incurred while a partner, subject to choice of law and status when the relevant obligation was incurred. Under Rule 44.1, he gives notice that this foreign-law issue is raised; he does not ask the Court to assume its application or hold the general partner liable on every tort or statutory count. Citizenship, forum contacts, service, limitations and joinder must be addressed separately. No shareholder, parent, buyer or officer is added solely because the general-partner theory is proposed.

This narrower attribution does not withdraw any of the eighteen theories. It also does not determine who owns the underlying claim: James must establish his own right; corporate compensation and other JD Global rights remain subject to the representation and pleading-form directions requested above. James requests focused directions for resolving entity attribution from the agreement, customer-contract, invoice, receipt and agency records, without turning this motion into an immediate affirmative discovery application.

## IV. A DEFINED REPRESENTATION INTERVAL AND THE SEPARATE D.E.163 REQUEST

James requests ninety days from entry of an express order for JD Global to retain counsel and for counsel to appear. He proposes truthful reports at days thirty and sixty describing actual efforts and results. The reporting dates are checkpoints, not earlier deadlines to secure counsel. He does not promise a lawyer will accept the engagement, request automatic renewal, or seek appointed counsel. Coordinated Declaration, paragraphs 150-151.

James also requests directions on a possible bridge toward continuing representation. If willing counsel can be retained for a defined initial phase, he asks whether the Court would consider counsel's application for a limited appearance stating the proposed work, duration, responsibility for obligations outside that scope and transition arrangements. This is a conditional request, not a representation that a lawyer has agreed to appear. A privately limited engagement does not itself limit counsel's obligations to the Court or provide an automatic exit. Local Civil Rule 102.1 requires leave to withdraw absent substitution and further restricts substitution and withdrawal after the first trial setting. Any limitation or withdrawal would be governed by the Court's express order; the ninety-day request, day-thirty/day-sixty reports and prohibition on corporate self-representation remain unchanged. The Court would determine whether, and for

what purposes, a limited appearance satisfies the requested appearance requirement. No commitment by counsel beyond the approved scope is assumed.

The declaration describes separate outreach periods beginning in 2021, continuing at intervals in 2022-2023, renewed outreach in 2025 and July-October 2026. It distinguishes declines, workload and fee limitations, interest and requests for further materials; discussions and informal assistance are not an agreement to appear. Coordinated Declaration, paragraphs 147-149. The account states, as of October 17, that no replacement lawyer has agreed to appear for JD Global and that James is still seeking representation. Id., paragraph 150. This is a current personal account, not a numerical exhaustion claim or a guarantee that every prospective lawyer declined for the same reason.

The interval is requested in light of that history and the need to give prospective counsel an intelligible, reconciled record. James acknowledges the expired April 6 deadline. He does not characterize this request as a timely automatic extension of that deadline or assert that all intervening noncompliance has already been excused. Only an express order can provide the new period and determine its effect.

Separately, he requests that the judicial officer with authority over D.E.163 defer disposition of that corporate dismissal motion for the same ninety-day interval. If a

separate request or a different applicant is required, he seeks directions on that procedure. The Magistrate Judge is not asked to be deemed to have granted dispositive relief beyond the Court's authority. The retained docket export through September 30, 2026 contains no order disposing of D.E.163; no later docket status is represented here. This ancillary request does not postpone the October 18 amendment-motion deadline or ask that consideration of the amendment await the ninety-day period.

## V. FORMER-COUNSEL FILES: RECONCILIATION DIRECTIONS, NOT AN ADJUDICATION OF FAULT

D.E.148-1 paragraph 6 reports Caruso's position that the complete case file was transferred. James's declaration preserves that contrary position and states the narrower remaining concern: he cannot determine from the materials made available to him the complete record of what prior counsel sent to and received from defense counsel, including attachments and the scope of agreements. He recognizes that some communications have since been recovered in other forms. Coordinated Declaration, paragraph 152. His requested scope covers both Lowenstein and Caruso separately, not merely one firm's outgoing messages. Id., paragraph 153.

James requests a case-management conference or written directions concerning a lawful, focused reconciliation procedure, with former counsel given notice and an opportunity to respond. He asks the Court to identify the proper applicant, scope, timetable and protected-handling process, including treatment of corporate-only rights through a permitted applicant. He does not seek immediate turnover through this motion, unrestricted access to firm systems, a new forensic-manifest obligation, a finding of misconduct, or a determination that every missing standalone message was destroyed. A returned collection's limits do not establish that the underlying communication never occurred.

If file-turnover relief is outside this motion's authorized scope, he seeks only directions concerning whether and how it may be presented. The amendment need not await that collateral process. No raw correspondence archive, privileged advice or technical census is adopted as James's personal sworn work merely by describing the reconciliation concern.

## VI. DISCOVERY AND SELECTIVE-SUBMISSION DIRECTIONS THROUGH THE PROPER PROCEDURE

James does not rely in this motion on the categorical assertions in D.E.160 that Teams chat was never collected or that Teams communications were categorically excluded. [REDACTED] The existence of those records does not establish complete

collection or production of chats, files, or activity records for every custodian and relevant period.

D.E.90 supplies a concrete starting point for a focused coverage question. Exhibit A, physical pages 4-5, contains no express first- or last-name terms for Don Fox, Braulio Valdes or Bill Duesenberg. Walmart* and Aldi* appear in compound terms 16 and 44. D.E.90, physical page 2, also requires a filtered six-non-custodian email route. That combination does not establish that the relevant retailer communications were never collected or produced. It identifies a question about actual coverage and implementation that should be answered from the proper records rather than by assumption.

James requests directions for a focused review of retailer-personnel coverage and, if warranted, the proper presentation of targeted supplemental searches or subpoenas. He retains the supported factual issues and does not withdraw any proposed count. He does not, in this motion, seek an immediate documented account or responsible-person certification of discovery source coverage, collection, search and production methods or known exclusions, or an independent examination of the November 17, 2025 declaration of Chadwick Bacevice concerning his September 24, 2025 deposition. Any affirmative discovery request must proceed through its separately authorized route. Judge Silagi's Case Management Order, paragraphs 5 and 12, applies the meet-and-confer and joint-

letter procedure to discovery disputes, including pro se cases. The record does not establish completion of those steps for this proposed application. The motion therefore asks for procedural directions, not a finding that a contested discovery application is already ripe or that defense counsel declined a newly requested conferral.

The selective-submission issue is also directions-only. D.E.175 did not itself withdraw the old special-master/neutral-examiner submissions, obtain a stay or delete docket history. James requests directions for presenting and settling the previously identified selective scope, with the particular submissions and corrections individually identified through that authorized process and separate counsel-time requests and sealing objections excluded. He does not ask that a private working schedule automatically be accepted or that every historical source be deemed verified or released for refiling. No blanket withdrawal, automatic correction of the docket, or refiling of the D.E.156-2 through D.E.156-7 materials is requested here; historical receipt and docket status must remain distinct.

D.E.62 and D.E.159 continue to govern protected handling. A prior filing, party recollection, public-source possibility or independent copy does not by itself authorize unrestricted public quotation of a protected source or refiling of sealed material. This motion seeks no general source release. Each supporting item must

receive its own applicable authentication, privilege, designation, redaction and filing-treatment review.

**CONCLUSION**

James respectfully requests consideration of the complete all-eighteen proposed amendment under D.E.174 and Rule 15(a)(2), including express leave to add Harold Paivarinta and Roberto Saldaña Castillo on R12 as described in Section III, with leave limited to the rights and pleading form the Court expressly authorizes; explicit treatment of individual capacity and JD Global's existing claims without assignment or corporate pro se representation; the requested ninety-day representation interval with thirty- and sixty-day reports; directions on any counsel's application for a limited appearance as described in Section IV; separate consideration or proper-route directions for the D.E.163 deferral; and the narrow conference/procedural directions described above. He asks that the amendment be considered without waiting for the ancillary processes. Oral argument is respectfully left to the Court's discretion.

James D'Amato, individually

Signature:

Date: October 18, 2026

UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

JD GLOBAL SALES, INC., et al. v. JEM D INTERNATIONAL PARTNERS, LP, et al.

Civil Action No. 2:21-cv-19943-MEF-ADS

**[PROPOSED] ORDER CONCERNING JAMES D'AMATO'S INDIVIDUAL MOTION FOR LEAVE TO AMEND AND RELATED PROCEDURAL DIRECTIONS**

This matter having been presented on James D'Amato's individual motion under D.E.174, the accompanying proposed amended complaint containing eighteen numbered theories, the full comparison to D.E.38, the declaration, brief, opposition-status statement and submissions properly before the Court; and the Court having considered the separate individual and corporate capacity issues and the authority of the judicial officer addressing each request;

IT IS on this ____ day of ____________, 2026, ORDERED as follows:

**A. AMENDMENT AND PLEADING-FORM DIRECTIONS**

A1. James D'Amato proceeds as the individual movant. His request for consideration of all eighteen proposed theories is not narrowed by this order to five theories. The Court's permission to file any individual claim does not authorize him

to represent JD Global Sales, Inc. or assert a corporate-only right. No proposed complaint or paragraph identifying a corporate claim is deemed filed by attachment to the motion.

A2. The permitted individual amended pleading shall be confined to the claims, claimants and defendants expressly authorized in the Court's determination on the motion. The count-specific SCOPE paragraphs state the proposed separate-rights allocation; they do not adjudicate ownership. R07 and R11 remain without a cleared final claimant, and R07 remains without a cleared final defendant. The complete proposed text remains the subject of that determination; paragraphs identifying JD Global's corporate claims are not transformed into individual claims, or asserted, by their inclusion in the proposed pleading. The Court will specify the form in which the authorized individual allegations may be filed and the treatment of JD Global's existing D.E.38 claims. If a coordinated pleading through corporate counsel is required, its applicant and timetable shall be fixed expressly. No coexistence of separate operative complaints, assignment, or newly pending corporate-only claim is created by a reservation in James's papers.

A3. Nothing in this order treats the filing of James's individual amendment motion itself as a voluntary withdrawal of a proposed theory or a voluntary dismissal of an existing corporate claim. This paragraph does not adjudicate that any particular corporate claim survives, excuse corporate representation requirements, or resolve

limitations, standing, ownership, jurisdiction or service. Those matters remain subject to the applicable rules and the Court's express rulings.

A4. Futility objections shall be presented in accordance with D.E.174. No substantive claim, personal jurisdiction, relation back, real-party-in-interest cure, ownership or damages determination is made merely by the procedural directions in this order. Any further amendment requires the procedure and permission otherwise applicable; no future leave is guaranteed.

A5. The proposal includes count-specific alternative attribution to the existing Jem D International (Michigan) Inc. and Jem D International Partners, LP defendants and the proposed addition of JEM-D International Inc. on R01-R03 and R09-R10 through the limited general-partner theory in P13-P14, with R17 only on a qualifying LP obligation and independent accounting basis. The proposed retailer/buyer additions are Walmart Inc. and Braulio Valdes on R12/R18, Don Fox on R12, and Aldi Inc. and Bill Duesenberg on R11/R13/R18, subject to the stated conditions. Jim DiMenna and Carlos Visconti remain proposed only for their own supported acts in R04, R14 and R15 as specified in those counts. Harold Paivarinta's R12 request is separately addressed in A6, and Roberto Saldaña Castillo's R12-only request in A7. Any permission concerning those additions and counts shall be expressly stated in the Court's determination under A2; no identification in proposed paragraph P7 or elsewhere in the papers itself joins a

party, adjudicates general-partner liability, or makes every affiliate a defendant on all eighteen counts.

A6. The request to add Harold Paivarinta as a defendant on R12 is expressly presented for determination under A2. If leave is granted, his inclusion shall be limited to the claim, claimant and pleading form expressly authorized by the Court, subject to the applicable notice and service requirements. D.E.69-70 are not deemed vacated by the motion or by his appearance in the proposed caption; this paragraph does not automatically restore the dismissed CEPA claim or make him a defendant on all eighteen theories. Any additional procedure necessary to address the earlier dismissal shall be specified expressly. No finding of liability or that JD Global's rights belong to James is made by this provision.

A7. The request to add Roberto Saldaña Castillo as a defendant on R12 only is expressly presented for determination under A2. Any permission shall be limited to the claim, claimant and pleading form expressly authorized by the Court, subject to the applicable jurisdiction, notice and service requirements. Ownership or caption placement alone does not establish liability or join him. This provision does not add him to another count or determine that a corporate right belongs to James.

**B. REPRESENTATION INTERVAL AND RELATED DIRECTIONS**

B1. JD Global Sales, Inc. is allowed ninety days from entry of this order to retain licensed counsel and for that counsel to enter an appearance. James may provide reports of his actual recruitment efforts and results at days thirty and sixty, in the limited reporting capacity expressly permitted by this order and not as JD Global's attorney. These are reporting checkpoints, not earlier retention deadlines. The period is not automatically renewable and does not appoint counsel, authorize corporate pro se litigation, or retroactively declare compliance with the April 6, 2026 deadline.

B1A. If willing counsel is retained for a defined initial phase, counsel may apply for directions concerning a limited appearance as a bridge toward continuing representation. The application shall specify the proposed work, duration, responsibility for obligations outside the proposed scope and transition arrangements. This paragraph does not itself authorize a limited appearance, automatic withdrawal or corporate self-representation. Any limitation or withdrawal requires express Court approval consistent with Local Civil Rule 102.1; existing obligations and the period and reporting checkpoints in B1 remain unchanged unless expressly modified. The Court will determine whether, and for what purposes, any limited appearance satisfies paragraph B1. No commitment by counsel beyond the approved scope is presumed.

B2. The separate request to defer disposition of D.E.163 for the same ninety-day period shall be presented to or addressed by the judicial officer authorized to determine it. Unless that officer expressly grants relief, D.E.163 and any applicable schedule are not stayed or adjourned by this paragraph. If a separate application or a different proper applicant is required, the Court will specify that procedure. The representation interval does not postpone the October 18 deadline for the amendment motion or require that the amendment await expiration of the ninety days.

B3. A case-management conference shall be scheduled, or written directions shall issue, concerning the permitted individual/corporate pleading sequence and the specifically identified file-reconciliation issues involving both Lowenstein Sandler and Dominic V. Caruso. The Court will specify whether a separate application is permitted and, if so, its proper applicant, scope, notice and response requirements, timetable, and protected-handling procedure. No immediate turnover, ownership/completeness finding, misconduct ruling, or unrestricted access to former counsel's systems is ordered by this paragraph.

B4. The request concerning selective withdrawal and correction of earlier submissions shall proceed only through a schedule and procedure expressly authorized by the Court. The identified special-master/neutral-examiner materials must be distinguished from excluded counsel-time requests and sealing objections.

This order does not delete docket history, blanket-withdraw ADS submissions, treat D.E.175 as an already completed withdrawal or stay, or authorize refiling D.E.156-2 through D.E.156-7.

**C. DISCOVERY DIRECTIONS ONLY**

C1. At the conference or through written directions, the Court will address the proper procedure for presenting focused retailer-personnel search-coverage, supplemental-discovery and subpoena issues relevant to the amendment. Any separate contested discovery application must comply with the applicable meet-and-confer, joint-letter, notice, standing and representation requirements unless the Court expressly orders otherwise.

C2. No immediate documented account or responsible-person certification of discovery source coverage, collection, search and production methods, or known exclusions or exceptions, and no independent examination of the November 17, 2025 declaration of Chadwick Bacevice, Director, Project Manager, TransPerfect Legal, concerning his September 24, 2025 deposition, is ordered. Any request for such relief must be made, if authorized, through its separate proper procedure; this paragraph does not withdraw any proposed substantive count. The parties' substantive positions and objections are not determined by this directions-only provision.

**D. LIMITS AND PROTECTED HANDLING**

D1. Except to the extent expressly modified by a valid provision of this order, prior orders and filing restrictions remain in effect. D.E.62 confidentiality requirements and D.E.159 sealing/no-refiling requirements are not lifted. No general source release, privilege waiver, automatic de-designation, unrestricted public quotation, filing permission for collateral matters, or modification of another judicial officer's dispositive authority is inferred.

D2. Service, filing of an authorized amended pleading, responses and any further applications shall proceed under the applicable rules and the Court's specific directions. No previously unserved proposed defendant is deemed served by this order. Oral argument remains within the Court's discretion.

______________________________

UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

JD GLOBAL SALES, INC., et al. v. JEM D INTERNATIONAL PARTNERS, LP, et al.

Civil Action No. 2:21-cv-19943-MEF-ADS

**STATEMENT OF ACTUAL OPPOSITION STATUS**

For purposes of Local Civil Rule 15.1(a), James D'Amato states that the actual opposition status of this particular proposed October 18, 2026 motion has not been ascertained. As he confirmed on October 17, 2026, he has not asked defense counsel whether they consent to or oppose this particular motion.

Accordingly, he does not describe the motion as consented to, unopposed, opposed on a newly stated basis, or the subject of a completed meet-and-confer. He does not attribute a refusal or agreement to defense counsel. Positions taken on earlier applications, including the historical twenty-one-day stay request described in D.E.148-1 paragraph 6, do not establish a position on the present ninety-day request or the present amendment.

He respectfully asks the Court to determine the motion on the actual submissions and to specify any additional procedure it requires. This statement does not purport

to excuse a required conferral or authorize a separate discovery motion without compliance with the applicable rules and the Court's case-management directions.

James D'Amato, individually

Signature:

Date: October 18, 2026

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

Civil Action No. 2:21-cv-19943-MEF-ADS

## STATEMENT REGARDING SERVICE

James intends to rely on service of the public papers through the Court's electronic-filing system only to the extent permitted by Federal Rule of Civil Procedure 5(b)(2)(E). He will check the Notice of Electronic Filing for the documents and recipients covered and address any failed or omitted service by an authorized method.

James requests Court directions on the method and timing for providing the protected unredacted papers to counsel, consistent with D.E.62, D.E.159 and applicable rules. No permission to withhold service or extend a deadline is presumed.

This statement describes a proposed procedure, not completed filing or service. ADS submission alone is not presented as proof of service. Any required certificate for service by another method will identify the actual documents, recipients, method and date after that service occurs.

James D'Amato, Pro Se, individually

Signature: Date: October 18, 2026